**FOR PUBLICATION**



ATTORNEY FOR APPELLANT:

**DANIEL J. VANDERPOOL**
Vanderpool Law Firm, PC
Warsaw, Indiana

ATTORNEY FOR APPELLEE:

**THOMAS R. HALEY III**
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICK DEETER, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  43A04-1305-PL-229 |
| | ) | |
| INDIANA FARMERS MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE KOSCIUSKO SUPERIOR COURT
The Honorable Duane G. Huffer, Judge
Cause No. 43D01-1108-PL-80

**December 4, 2013**

**OPINION–FOR PUBLICATION**

**BAKER, Judge**

Appellant-plaintiff Rick Deeter appeals the trial court's grant of summary judgment in favor of appellee-defendant Indiana Farmers Mutual Insurance Company (Farmers) regarding his claim for insurance proceeds against Farmers. In particular, Rick asserts that Farmers failed to craft a clear and unambiguous insurance policy and thus improperly denied his claim based on the intentional loss exclusion in the policy for his home. Rick also argues that he is an "innocent co-insured spouse" and contends that the fact that Callie Deeter, his wife, is guilty of causing an intentional loss should not bar him from recovery. Thus, Rick argues that a genuine issue of material fact remains as to whether or not Farmers could refuse his claim under the insurance policy exclusion. Concluding that the trial court properly entered summary judgment for Farmers, we affirm the judgment of the trial court.

FACTS

In 1997, Rick and Callie purchased a home located in Pierceton. In December 2010, Rick and Callie contracted with Farmers for a homeowners insurance policy. The policy provided insurance coverage for, among other things, the home the Deeters purchased in 1997. The policy insured their home for $124,000 for one year, from January 6, 2011 to January 6, 2012.

The policy contained an exclusion for intentional loss, which was outlined in the following provision and definitions:

> **Intentional Acts** – "We" do not pay for loss which results from an act committed by or at the direction of an "insured" and with the intent to cause a loss.

2

```
***
"Insured" means:
        a. "you"
***
The words "you" and "your" mean the person or persons named as the
insured on the "Declarations". If "you" are an individual, this includes
"your" spouse if a resident of "your" household.
```

Appellant's App. p. 44, 51. Both Rick and Callie were listed as insured parties on the

Declaration Page of the policy.

On March 3, 2011, Rick was at Maple Leaf Farms, where he is employed as an

assistant manager. Callie was at home, babysitting for her niece's daughter. When her

niece arrived to pick up her child, she told Callie that Rick was allegedly having an affair

with another woman. After she left, Callie became irate, breaking things, and calling

Rick at work to tell him that she was "tearing up the house." Appellant's App. p. 105.

He became alarmed and called 911. Before the police could reach the Deeters' home,

Callie purposefully started a fire in the living room on the first floor. When the police

arrived, Callie was standing in the driveway, and she told the responding officer that she

had set the fire. She was charged with arson, a class B felony, and later entered a plea

agreement wherein she pleaded guilty to criminal mischief, a class D felony.

Farmers refused to pay on the insurance policy, stating that, because Callie had

intentionally burned down the house, the situation fell within the intentional loss

exclusion of the insurance policy. Rick filed a claim for insurance proceeds against

Farmers, and both parties moved for summary judgment. The trial court, finding no

genuine issue of material fact, granted Farmers's motion for summary judgment.

Rick now appeals.

## I. Standard of Review

When we review the grant or denial of a summary judgment motion, we apply the same standard as the trial court. Kroger Co. v. Plonski, 930 N.E.2d 1, 4-5 (Ind. 2010). Summary judgment is appropriate only where the evidence shows that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Id.; Ind. Trial Rule 56(C). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. Id.

## II. Insurance Claim

Under Indiana law, insurance contracts are governed by the same rule of construction as other contracts. Everhart v. Founders Ins. Co., 993 N.E.2d 1170, 1174 (Ind. Ct. App. 2013). In interpreting a written contract, the court will neither extend the coverage provided nor rewrite policy language that is clear and unambiguous. Horace Mann Ins. Co. v. Richards, 696 N.E.2d 65, 67 (Ind. Ct. App. 1998). A contract will be found to be ambiguous only if reasonable persons would differ as to the meaning of its terms. Everhart, 993 N.E.2d at 1174.

Rick argues that the insurance policy's exclusion for intentional loss is ambiguous, and that a reasonable person might interpret that clause to mean that Farmers will not cover loss that results from an intentional act that is intended to cause a loss that will result in property damage or the intent to cause a loss to recover from the insurance

4

policy. Rick asserts that while Callie intended to damage their home, she was not motivated to do so because she wanted to recover the proceeds from the insurance policy.

We reject this argument, and find that the policy exclusion for intentional loss was clear and unambiguous. Callie intentionally set fire to her home and took criminal responsibility for her actions, placing the Deeters squarely within the policy exclusion.

Next, Rick argues that the innocent spouse rule does or should apply in this case. He asserts that, because he is an "innocent co-insured spouse," he should not be barred from recovering under the insurance policy. Appellants Br. p. 15. Rick cites American Economy Ins. Co. v. Liggett in support of this contention. In that case, we determined that, in the absence of any language in the policy that could "support an exclusion," we would fulfill an "innocent co-insured's" reasonable expectation to be indemnified for loss. 426 N.E.2d 136, 140 (Ind. Ct. App. 1981). In that case, the husband, who set the fire, had died in the blaze, and there was no concern that he might benefit from his wrongdoing. The court noted that "a different rule may need to be fashioned where the guilty spouse survives." Id. at 144.

Similarly, in Fuston v. National Mut. Ins. Co., this Court determined that, where an insurance company had not provided an explicit exclusion for intentional loss by a co-insured, it was possible for the innocent spouse to recover. 440 N.E.2d 751, 754 (Ind. Ct. App. 1982). The Fuston court highlighted the lack of an explicit exclusion in the insurance policy under consideration in that case: "In spite of the cases of some years standing concerning the possibility that one of the co-insureds may commit arson,

National has done nothing to provide a plainly worded exclusion to cover that eventuality." Id. We did not definitively determine in that case whether an explicit provision that excluded loss that results from an intentional act would bar an "innocent co-insured spouse" from recovery.

We now determine that when an insurance company has included an explicit exclusion in its policy to cover loss that results from an intentional act by a co-insured, we will respect the parties' right to contract and enforce that exclusion. Here, it is clear that Callie and Rick were both listed as an "insured" on the insurance policy, and the policy explicitly stated that it would not cover a loss that resulted from an intentional act of an insured: "'We' do not pay for loss which results from an act committed by or at the direction of an 'insured' and with the intent to cause a loss." Appellant's App. p. 44. The undisputed designated evidence shows that Callie purposefully and intentionally burnt down her home, and Farmers was within the scope of its contractual rights to deny the Deeters' insurance claim in accordance with the intentional loss exclusion contained in the policy.

As a result, we affirm the trial court's grant of Farmers' motion for summary judgment.

NAJAM, J., and CRONE, J., concur.

6