**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARK R. SMITH**
Smith Fisher Maas & Howard, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**ROBERT T. SANDERS III**
**BRADFORD R. SHIVELY**
Sanders Pianowski, LLP
Elkhart, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LIGHTNING ROD MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Appellant-Defendant, | ) ) | |
| vs. | ) ) | No. 20A03-1305-CT-188 |
| TODD A. MESSNER, an Incapacitated Adult, by his Permanent Co-Guardians and Next Friends, JAMES A. MESSNER and JUDITH M. MESSNER, | ) ) ) ) ) | |
| Appellees-Plaintiffs. | ) | |

INTERLOCUTORY APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Evan S. Roberts, Judge
Cause No. 20D01-0907-CT-50

**December 31, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Lightning Rod Mutual Insurance Company (LRM) appeals the trial court's order granting partial summary judgment for appellee-plaintiff Todd Messner. The trial court determined that conflicting provisions in Judith and James Messner's insurance policy were ambiguous and therefore concluded that the provision that contained a two-year limitation to bring suit was unenforceable against Todd. LRM argues that the trial court erred when it found the policy provisions to be ambiguous, and asserts that Todd's claim is barred by the two year limit to bring suit in the Messners' policy. LRM asks us to reverse the decision of the trial court and grant its motion for summary judgment.

The Messners' policy is nearly identical to one this Court found to be ambiguous in Wert v. Meridian Security Ins. Co., handed down November 14, 2013. No. 15A01-1306-CT-252, slip op. (Ind. Ct. App. Nov. 14, 2013). LRM recognizes this similarity in its reply brief and asks us to reconsider our analysis in Wert; we decline to do so. Applying the same reasoning utilized in Wert, we affirm the trial court's finding that the policy is ambiguous.

FACTS

Todd is an incapacitated adult and is a ward under the permanent guardianship of his parents, James and Judith Messner, as ordered by the Elkhart Superior Court. On July 31, 2007, Todd was riding in the passenger seat of James's Nissan Murano when they were struck from behind by a Suzuki driven by Michael Weidman. On or about May 20,

2

2007, LRM had issued the Messners a personal automobile insurance policy, which provided coverage for named insured, Judith and James, and any family member.

The Messners' policy contained several relevant provisions. One of these, which we will refer to as an "exhaustion provision," requires that the insured exhaust any available bonds or policies related to the underinsured motor vehicle by settlements or judgments. The second, which we will call the "no legal action provision," states that no legal action may be brought against LRM until there has been full compliance with all the terms in the policy. The last bars the insured from bringing suit unless it is commenced within two years from the date of the accident.

On July 30, 2009, Todd filed his complaint against Weidman, and on December 8, 2009, Weidman's attorney conveyed a settlement offer of $25,000 to Todd, along with a copy of Weidman's GEICO insurance declaration page showing that Weidman had a bodily injury coverage limit of $25,000 per person. On May 5, 2010, Todd filed his Amended Complaint against Weidman and LRM, asserting a claim for uninsured motorist benefits against LRM. On June 22, 2011, Todd executed a Release of All Claims, releasing his claim against Weidman in exchange for a payment of $25,000 from GEICO insurance company.

LRM filed for summary judgment, contending that Todd had failed to file his claim within two years from the date of the accident, as was required by the insurance policy. Todd filed for partial summary judgment, asking the court to determine that his uninsured motorist claim against LRM was timely filed. The trial court, finding that

conflicting provisions in the insurance policy rendered the policy ambiguous, granted Todd's motion for partial summary judgment.

LRM now appeals.

## DISCUSSION AND DECISION

When we review the grant or denial of a summary judgment motion, we apply the same standard as the trial court. Kroger Co. v. Plonski, 930 N.E.2d 1, 4-5 (Ind. 2010). Summary judgment is appropriate only where the evidence shows that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Id.; Ind. Trial Rule 56(C). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. Id.

LRM argues that the trial court erred when it granted partial summary judgment for Todd and argues that the contract is not ambiguous. Under Indiana law, insurance contracts are governed by the same rule of construction as other contracts. Everhart v. Founders Ins. Co., 993 N.E.2d 1170, 1174 (Ind. Ct. App. 2013). In interpreting a written contract, the court will neither extend the coverage provided nor rewrite policy language that is clear and unambiguous. Horace Mann Ins. Co. v. Richards, 696 N.E.2d 65, 67 (Ind. Ct. App. 1998). We will find a contract to be ambiguous only if reasonable persons could differ as to the meaning of its terms. Everhart, 993 N.E.2d at 1174. An insurance contract that is found to be ambiguous will be strictly construed against the insurer. Id.

The Messners' insurance policy contained three relevant provisions. The first, the "exhaustion provision," reads:

4

> [LRM] will pay damages under this coverage caused by an accident with an "underinsured motor vehicle" only if 1. or 2. below applies:
>
> > 1. The limits of liability under any bodily injury liability bonds or policies applicable to the "underinsured motor vehicle" have been exhausted by payments of judgments or settlements;

Appellant's App. p. 54-55. The second, the "no legal action provision," states "[n]o legal action may be brought against us until there had been full compliance with all the terms of this policy." Appellant's App. p. 84. The third, which is a contractual limitation provision, warns that "[a]ny arbitration or suit against us will be barred unless commenced within two years after the date of the accident. Appellants App. p. 56.

In his motion for summary judgment, Todd argued, and the trial court agreed, that these three provisions, taken together, were ambiguous. More particularly, Todd contended that it appears that one must fully exhaust all other remedies before bringing suit against LRM, and yet the insurance policy requires that a suit be brought within two years of the date of the accident.

Recently, in Wert, we looked at a policy with, for all intents and purposes, identical language. LRM acknowledges that the language in the policy under examination in Wert is "in all relevant respects, the same as contained in LRM's policy." Appellants Reply Br. p. 9. LRM asks that we now reconsider our reasoning in Wert, in which we determined that the terms in the provisions were ambiguous and therefore construed them against the insurer. Slip op. at 11. We decline to do so, and therefore, we refuse to reverse the trial court's grant of partial summary judgment to Todd.

5

The judgment of the trial court is affirmed.

NAJAM, J., and CRONE, J., concur.