ATTORNEY FOR APPELLANT
Matthew L. Hinkle
Coots, Henke & Wheeler, P.C.
Carmel, Indiana

ATTORNEY FOR APPELLEE
I. Marshall Pinkus
Pinkus & Pinkus
Indianapolis, Indiana



FILED
Jun 30 2010, 2:31 pm
CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 49S02-0907-CV-347

THE KROGER CO., D/B/A KROGER
SUPERMARKET AT 8150 ROCKVILLE
ROAD, INDIANAPOLIS, MARION
COUNTY, INDIANA,

*Appellant (Defendant below),*

v.

LU ANN B. PLONSKI,

*Appellee (Plaintiff below).*

Appeal from the Marion Circuit Court, No. 49C01-0509-CT-0038467
The Honorable Theodore M. Sosin, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 49A02-0807-CV-610

**June 30, 2010**

**Rucker, Justice.**

A business invitee of a grocery store was assaulted in the store's parking lot.  The store contends in part that because the assault was not reasonably foreseeable it owes no duty to the invitee.  We granted transfer to explore this issue.

**Facts and Procedural History**

In this summary judgment action, the undisputed facts most favorable to the non-moving party are these.  In the late afternoon hours of October 2, 2003, Lu Ann Plonski parked her car on the parking lot immediately adjacent to a Kroger food store on the westside of Indianapolis and entered the store.  When she finished shopping, Plonski, with purse in hand, placed her groceries in a shopping cart, exited the store, and proceeded onto the lot.  Once Plonski approached her car, she placed her purse in the shopping cart, opened the trunk of the car, and began loading groceries.  After placing most of the groceries in the trunk, Plonski noticed a young man approximately fifteen feet away walking in her direction.  Plonski reported that she was immediately concerned for her safety because the young man did not appear to be a Kroger employee, was wearing dark clothing, and was overdressed for the weather.  The man looked at Plonski and asked "[w]hat's going on?"  Appellant's App. at 19.  His eyes shifted towards Plonski's purse and he then ran toward her.  Plonski grabbed her purse and tried to run toward the sidewalk but could get no further than the end of her car.  The man grabbed Plonski and her purse, and they started fighting.  As they did so, the man was screaming at Plonski to give him the keys to her car.  The man then picked Plonski up, threw her in the trunk of the car and began slamming the trunk lid on her legs.  When the man looked away Plonski jumped out of the car and ran into Kroger seeking assistance.  Although Plonski managed to hold on to her car keys, the man left the scene with Plonski's purse.

Claiming injuries as a result of the assault, Plonski filed a complaint for damages against Kroger on September 30, 2005.  After the parties conducted discovery, on March 26, 2007, Kroger filed a motion for summary judgment arguing (i) it owed no duty to Plonski, (ii) if it owed a duty the duty was not breached, and (iii) in any event Plonski's injuries were not proximately caused by Kroger's conduct.  As a part of its motion Kroger designated, among other things, the affidavits of three Kroger employees: the Risk Manager, the Safety Manager,

2

and the Head Cashier. The affidavits of the Risk Manager and Safety Manager asserted in essence that the Kroger store is located in a part of the city that has a reputation for low levels of criminal activity. Appellant's App. at 9, 38. And that in the two-year period before October 2, 2003, there was only one report of criminal activity occurring on the store's premises. Id. The affidavit of the Head Cashier essentially alleged that the assailant who attacked Plonski was not a guest or patron of the Kroger store. Appellant's App. at 39. After being granted an extension of time, Plonski responded to the motion on May 25, 2007. She designated her deposition and attached exhibits, the deposition of her husband, photographs of her injuries, photographs of the Kroger store and parking lot, her response to interrogatories, and her complaint for damages. Appellant's App. at 66-67.

Although the record is unclear of the exact date, sometime in September 2007 as a part of discovery, Kroger provided Plonski with sixty pages of police reports evidencing over thirty responses to criminal activity occurring on the Kroger premises within a two-year period of the date on which the Plonski assault occurred. At the May 8, 2008 hearing on Kroger's motion for summary judgment Plonski moved to introduce the police reports as a "supplement" to her previously filed response to Kroger's summary judgment motion. On grounds of timeliness Kroger objected and the trial court denied the motion. However, the trial court suggested that Plonski could "make an oral motion to strike his affidavits and then argue the material." Appellant's App. at 204. According to the trial court, "[y]ou certainly can move to strike the affidavits based upon the fact that they're inaccurate. And you can offer what you have in your hand in support of your motion to strike." Appellant's App. at 205. Following through on the trial court's suggestion Plonski moved to strike and over Kroger's objection introduced the police reports into evidence. Armed with the police reports Plonski then proceeded to argue the merits of Kroger's summary judgment motion including facts contained in the police reports. She made no specific argument concerning the merits of her motion to strike.

At the conclusion of the hearing, the trial court denied Kroger's motion for summary judgment. Kroger appealed arguing in part that the trial court erred in striking the affidavits, and that Kroger "did not have a duty to protect Plonski from a criminal act committed suddenly and without warning by a third party who was not a guest or patron of the store." Br. of Appellant at

8. On review the Court of Appeals affirmed the trial court's judgment holding in part that Kroger's duty was established by evidence that Plonski was assaulted in the grocery store parking lot. Kroger Co. v. Plonski, 905 N.E.2d 448 (Ind. Ct. App. 2009). The court declined to address the affidavit issue concluding that even had the trial court considered them, Kroger still would not be entitled to summary judgment. Id. at 455 n.2. Having previously granted transfer thereby vacating the opinion of the Court of Appeals, see Ind. Appellate Rule 58(A), we also affirm the judgment of the trial court, but for reasons slightly different from those of our colleagues.

## Standard of Review

When reviewing a grant or denial of a motion for summary judgment our well-settled standard of review is the same as it is for the trial court: whether there is a genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. Wagner v. Yates, 912 N.E.2d 805, 808 (Ind. 2009). Summary judgment should be granted only if the evidence sanctioned by Indiana Trial Rule 56(C) shows that there is no genuine issue of material fact and the moving party deserves judgment as a matter of law. Freidline v. Shelby Ins. Co., 774 N.E.2d 37, 39 (Ind. 2002). All factual inferences must be construed in favor of the non-moving party, and all doubts as to the existence of a material issue must be resolved against the moving party. Kovach v. Midwest, 913 N.E.2d 193, 197 (Ind. 2009).

## Discussion
### I.

Before addressing the primary issues in this appeal, we first turn our attention to the trial court's grant of Plonski's motion to strike the Kroger affidavits, and allowing Plonski – in support of her motion – to introduce the police reports into evidence. The trial court has broad discretion in ruling on the admissibility of evidence. Price v. Freeland, 832 N.E.2d 1036, 1039 (Ind. Ct. App. 2005). And "[t]his discretion extends to rulings on motions to strike affidavits on the grounds that they fail to comply with the summary judgment rules." Id.; see also Doe v. Shults-Lewis Child and Family Services, Inc., 718 N.E.2d 738, 749 (Ind. 1999) ("An affidavit

4

which does not satisfy the requirements of T.R. 56(E) is subject to a motion to strike . . . .") (internal citations omitted). [1] But here there has been no claim that the Kroger affidavits failed in some way to comply with the rules.

As a matter of course parties routinely present Trial Rule 56 materials in support of or in opposition to motions for summary judgment attempting to demonstrate that there is or is not a dispute of material fact. This is often accomplished through the presentation of affidavits by affiants claiming to have personal knowledge of the facts alleged. It is quite ordinary and not at all surprising that the parties' affidavits or other Rule 56 materials compete with conflicting claims about the facts. Affidavits submitted in support of or in opposition to a motion for summary judgment may be stricken for a variety of reasons. But a difference of opinion about what the facts are alleged to be is not one of them. See, e.g., Hayes v. Trs. of Ind. Univ., 902 N.E.2d 303, 311 (Ind. Ct. App. 2009), trans. denied (no abuse of discretion in striking portions of affidavit containing unsworn and unverified attachments in opposition to a motion for summary judgment); Id. (no abuse of discretion in striking portions of affidavit that contradicted affiant's deposition testimony); Breining v. Harkness, 872 N.E.2d 155, 158 (Ind. Ct. App. 2007), trans. denied (noting inadmissible hearsay contained in an affidavit may not be considered in ruling on a summary judgment motion); Indianapolis Podiatry, P.C. v. Efroymson, 720 N.E.2d 376, 384 (Ind. Ct. App. 1999), trans. denied (no abuse of discretion in striking portions of affidavit containing legal conclusions and opinions about Indiana law); Coghill v. Badger, 430 N.E.2d 405, 406 (Ind. Ct. App. 1982), trans. denied (observing that conclusory statements of fact not based on personal knowledge are properly stricken from an affidavit). In essence, the answer to a competing claim about the facts is not to strike a party's submissions. Instead, when the submissions show that material facts are in dispute then summary judgment should be denied.

The problem in this case however is that the factual dispute concerning the level of criminal activity on the Kroger premises as evidenced by the police reports was not admissible. Over seven months in advance of the hearing on Kroger's motion for summary judgment Plonski

---

[1] Affidavits in support of or in opposition to a motion for summary judgment are governed by Indiana Trial Rule 56(E), which provides in relevant part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

received from Kroger, as a matter of discovery, police reports apparently refuting the assertion that only one incident of criminal activity had occurred on Kroger's premises within two years of the assault on Plonski. It is true that Plonski received the documents after she had tendered her response in opposition to Kroger's motion for summary judgment. And as a general proposition it is improper for a court to grant summary judgment while reasonable discovery requests that bear on issues material to the motion are still pending. Boggs v. Tri-State Radiology, Inc., 730 N.E.2d 692, 698 (Ind. 2000). But here discovery requests were not pending at the time of the hearing. Further, after receiving the police reports, Plonski did not ask for additional time to conduct further discovery or otherwise respond to Kroger's submissions. See, e.g., Ind. Trial Rule 56(F) (permitting trial court to grant a continuance on summary judgment motion where responding party submits affidavit indicating need for additional discovery); T.R. 56(I) (permitting trial court "for cause found" to alter time limits set forth in the rule). And importantly Plonski made no effort to explain how or why the police reports that were introduced into evidence at the summary judgment hearing supported her motion to strike the Kroger affidavits.

In sum, the trial court erred in granting Plonski's motion to strike, and compounded the error by allowing Plonski to introduce the police reports for the ostensible purpose of supporting her motion. Upon review of the trial court's denial of Kroger's motion for summary judgment "we stand in the shoes of the trial court and consider only those materials *properly designated* and before the trial court pursuant to Trial Rule 56." Miller v. Grand Trunk W. R.R. Inc., 727 N.E.2d 488, 494 (Ind. Ct. App. 2000) (emphasis added). Here, those materials include the Kroger affidavits. They do not include the police reports.

## II.

To prevail on a claim of negligence the plaintiff must show: (1) duty owed to the plaintiff by defendant; (2) breach of duty by allowing conduct to fall below the applicable standard of care; and (3) compensable injury proximately caused by defendant's breach of duty. Ford Motor Co. v. Rushford, 868 N.E.2d 806, 810 (Ind. 2007); King v. Ne. Sec., Inc., 790 N.E.2d 474, 484

(Ind. 2003). Absent a duty there can be no negligence or liability based upon the breach. Peters v. Forster, 804 N.E.2d 736, 738 (Ind. 2004).

Seizing on language contained in Paragon Family Rest. v. Bartolini, 799 N.E.2d 1048 (Ind. 2003) that "the law clearly recognizes that proprietors owe a duty to their business invitees to use reasonable care to protect them from injury *caused by other patrons and guests* on their premises . . . ," Br. of Appellant at 9 (quoting Id. at 1052) (emphasis supplied in Brief), Kroger contends it owed no duty to protect Plonski in that her injuries were caused by an unknown assailant that was neither a patron nor a guest of Kroger. According to Kroger Bartolini stands for the proposition, among other things, that the status of the attacker is an important consideration in determining the duty owed by landowners to their business invitees. Kroger reads Bartolini too narrowly. The quoted language merely reflected the facts in that case. In pertinent part the facts revealed that underage patrons of a bar physically assaulted another patron of the bar in the bar's parking lot. Id. at 1052.[2] Although the assailants in that case happened to have been patrons of the establishment, this does not mean that a proprietor's duty of care to its business invitees is limited to harm caused only by other patrons or guests. Rather, we declared more broadly that "[l]andowners have a duty to take reasonable precautions to protect their invitees from foreseeable criminal attacks" and that "the duty to exercise reasonable care extends to keeping its parking lot safe and providing a safe means of ingress and egress." Id. And although this duty has been variously stated, see, e.g., N. Ind. Pub. Serv. Co. v. Sharp, 790 N.E.2d 462, 465 (Ind. 2003) ("[p]roprietors owe a duty to their business invitees to use reasonable care to protect them from injury caused by other patrons and guests on their premises, including providing adequate staff to police and control disorderly conduct."), whether a duty exists is now "well-settled" in that it has long been declared or otherwise articulated by this State's case authority. Id.

The more challenging inquiry is whether in a given case, involving business owners and their invitees, a particular element of duty has been met. This is so because the "duty only extends to harm from the conduct of third persons that, under the facts of a particular case, is

---

[2] Further, Bartolini relied in part on the holding in Muex v. Hindel Bowling Lanes, Inc., 596 N.E.2d 263 (Ind. Ct. App. 1992), which also involved one patron of a business assaulting another patron on business property.

7

reasonably foreseeable to the proprietor." Bartolini, 799 N.E.2d at 1052. Although reasonable foreseeeablity is ordinarily a question of fact for the jury to decide, see Humphery v. Duke Energy Ind., Inc., 916 N.E.2d 287, 295 (Ind. Ct. App. 2009), in the context of duty – which is a question of law – see Estate of Heck v. Stoffer, 786 N.E.2d 265, 268 (Ind. 2003), reasonable foreseeeablity is determined by the court. It is in this context that the court considers the "totality of the circumstances." Delta Tau Delta v. Johnson, 712 N.E.2d 968, 972-73 (Ind. 1999); Vernon v. Kroger Co., 712 N.E.2d 976, 979 (1999); L.W. v. W. Golf Ass'n., 712 N.E.2d 983, 984-85 (Ind. 1999). More precisely, the court must examine "all of the circumstances surrounding an event, including the nature, condition, and location of the land, as well as prior similar incidents to determine whether a criminal act was foreseeable." Delta Tau Delta, 712 N.E.2d at 972. We emphasize that this examination is not an inquiry into whether or to what extent a landowner owes a duty to a business invitee. That issue is settled: "Landowners have a duty to take reasonable precautions to protect their invitees from foreseeable criminal attacks." Bartolini, 799 N.E.2d 1052. Rather, our inquiry is focused on whether a discreet element of the duty has been satisfied.

Here, as the moving party in this summary judgment action, Kroger has the burden of demonstrating that as a matter of law the criminal assault on Plonski was not foreseeable. The only Rule 56 materials Kroger designated to the trial court bearing on this issue were the affidavits of Kroger's Risk Manager and Safety Manager. As noted earlier in this opinion both managers asserted in essence that the Kroger store is located in a part of the city that has a reputation for low levels of criminal activity. More precisely the Risk Manager alleged in pertinent part, "[t]he store is located in an area that has a reputation for being a safe part of the city and has a low frequency of violent criminal activity." Appellant's App. at 9. The Safety Manager alleged in pertinent part, "[t]he Store is located on [the] far westside of Indianapolis in a part of the community that has a reputation for relatively low amounts of criminal activity and is not known to be an area where customers are generally subject to violent offenses against their persons." Appellant's App. at 38.

Even if these assertions stood alone, we would not be prepared to say that Kroger has demonstrated that the assault against Plonski occurring on its premises[3] was not foreseeable as a matter of law.  Although the affidavits give us some insight about the area of the community in which the Kroger store is located, it tells us nothing about the criminal activity *vel non* occurring in the store itself or on the adjacent parking lot.  But these assertions do not stand alone.  And additional information contained in Kroger's submissions give us even greater pause in declaring that Kroger has demonstrated as a matter of law that criminal attacks on its premises were not foreseeable.  The affidavit of the Risk Manager further provides in pertinent part:

> To my knowledge during a two year period prior to October 2, 2003, the store had little, if any, violent criminal activity.  When I refer to violent criminal activity I mean any crime against a customer that involves a potential threat of physical harm such as an assault, battery, robbery, purse snatching or car jacking.  [] The one incident of which I am aware that could be considered "violent criminal activity" involving a patron occurred outside the store on September 21, 2002, where an unknown subject attempted to drive off in a car of a customer who had left the keys in the car.

Appellant's App. at 10.  The affidavit of the Safety Manager provides more detail about this incident:

> During the aforementioned two year period prior to October 3, 2003, there was only one report of criminal activity on the Store premises that involved a business invitee being the victim of an assault or attempted assault.  In that instance, on September 21, 2002, a woman reported that she left her car keys in her unlocked car and as she attempted to make a night deposit at the bank located inside the store an unknown male attempted to drive off in her car.  The woman jumped into the passenger side of her vehicle and struggled with the man before she exited the vehicle.  Her vehicle was returned to her a few minutes later.

---

[3] We observe that at various points throughout this litigation including its Brief of Appellant at 2; its Petition to Transfer at 1, and its Brief in Support of Summary Judgment presented to the trial court, see Appellant's App. at 47-48, Kroger has asserted in various iterations that it "leases this store and does not own the parking lot or the drives that access the parking lot."  Id.  However, Kroger has not argued this lack of ownership as additional grounds in support of its motion for summary judgment.

Appellant's App. at 37-38. Occurring over a year before the assault on Plonski, the foregoing single event does not necessarily support the view that the criminal activity on Kroger's premises was foreseeable. But the procedural posture of this case is such that the burden is not on Plonski to show that the assault could have been anticipated. Instead the burden is on the shoulders of Kroger to demonstrate that the assault on Plonski was not foreseeable. The materials Kroger submitted simply do not satisfy this burden.

To be sure Plonski's Rule 56 materials on this point are not illuminating. She points for example to surveillance cameras Kroger installed that included a view of the parking lot. Br. of Appellee at 20 (citing Appellant's App. at 17). And she notes that at the time of this assault they apparently were not being monitored. Id. (citing Appellant's App. at 27). Failure to monitor the cameras may have a bearing on whether Kroger breached its duty of care. However, Plonski does not explain how or why it has any bearing on the question of whether the assault against her was reasonably foreseeable, which is an element of the existence of duty. In any event, the party seeking summary judgment has the initial burden of proving the absence of a genuine issue of material fact as to an outcome-determinative issue. Only then must the non-movant come forward with contrary evidence demonstrating the existence of genuine factual issues that should be resolved at trial. Jarboe v. Landmark Cmty. Newspapers of Ind., Inc., 644 N.E.2d 118, 123 (Ind. 1994). Here, Kroger as the moving party failed to carry its burden of demonstrating that criminal activity on its premises at the time of the Plonski assault was not foreseeable. Thus, Plonski was not required to provide contrary evidence.

**III.**

Kroger next contends that even if it owed a duty to Plonski, it neither breached that duty nor were Plonski's injuries the proximate cause of Kroger's conduct. Although the existence of duty is a matter of law for the court to decide, a breach of duty, which requires a reasonable relationship between the duty imposed and the act alleged to have constituted the breach, is usually a matter left to the trier of fact. Mangold ex rel. Mangold v. Ind. Dept. of Natural Res., 756 N.E.2d 970, 975 (Ind. 2001). Only where the facts are undisputed and lead to but a single inference or conclusion may the court as a matter of law determine whether a breach of duty has

occurred.  Id.  Proximate cause is an essential element of a negligence claim.  Best Homes, Inc. v. Rainwater, 714 N.E.2d 702, 706 (Ind. Ct. App. 1999).  It has been defined as "that cause which, in natural and continuous sequence, unbroken by efficient intervening cause, produces the result complained of and without which the result would not have occurred."  Forster, 804 N.E.2d at 743 (citation omitted).  Ordinarily, the issue of proximate cause is a question for the jury and is not properly resolved by summary judgment.  Wolfe v. Stork RMS-Protecon, Inc., 683 N.E.2d 264, 268 (Ind. Ct. App. 1997); Montgomery Ward & Co. v. Gregg, 554 N.E.2d 1145, 1156 (Ind. Ct. App. 1990), trans. denied.

Pointing to her deposition testimony that Plonski had shopped at the Kroger store approximately one hundred times without incident and admitted feeling safe, Kroger argues it breached no duty owed to Plonski because it had provided Plonski with safe ingress and egress from the store numerous times before the date of this attack and there is no evidence that Kroger did anything differently or failed to do something that it had not done on prior occasions.  Br. of Appellant at 21.  As for proximate causation, Kroger essentially argues the attack on Plonski was not foreseeable.  Id. at 26-28.  On this latter point, our discussion concerning the foreseeability component of duty is equally applicable here.  In summary, Kroger as the moving party failed to carry its burden of demonstrating that criminal activity on its premises at the time of the Plonski assault was not foreseeable.

Concerning breach of duty, the fact that Plonski felt safe on the numerous times she visited the Kroger store in the past is not dispositive.  Plonski testified that she felt safe because of the existence of the surveillance cameras.  See Appellant's App. at 13-14.  And there is at least an inference that on the day of the attack the cameras were not being monitored.  Appellant's App. at 27.  As for not doing anything differently, this is the point of the matter.  That is to say, it is left to the fact finder to determine whether Kroger should have done more to protect its business invitees from foreseeable criminal activity, including providing adequate security personnel.  On the question of breach of duty, Kroger has failed to show that the facts are not in dispute and thus it is entitled to judgment as a matter of law.

Summary judgment is rarely appropriate in negligence actions.  <u>Rhodes v. Wright</u>, 805 N.E.2d 382, 387 (Ind. 2004).  And this is so because "negligence cases are particularly fact sensitive and are governed by a standard of the objective reasonable person – one best applied by a jury after hearing all of the evidence."  <u>Id.</u>  In this case Kroger has persuaded us no differently.

## Conclusion

The trial court properly denied Kroger's motion for summary judgment.  We therefore affirm the judgment of the trial court.

Shepard, C.J., and Dickson, Sullivan and Boehm, JJ., concur.