**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DAN J. MAY**
Kokomo, Indiana

ATTORNEY FOR APPELLEE:

**CRAIG PERSINGER**
Marion, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE PATERNITY OF: | ) | |
| L.M.J. b/n/f | ) | |
| | ) | |
| D.R.D., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 34A02-1305-JP-458 |
| | ) | |
| C.A.J., | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

INTERLOCUTORY APPEAL FROM THE HOWARD CIRCUIT COURT
The Honorable Thomas C. Perrone, Special Judge
Cause No. 34C01-9507-JP-72

**December 11, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

Appellant-Respondent D.R.D. ("Mother") and Appellee-Petitioner C.A.J. ("Father")

are the parents of L.M.J. ("Daughter").   In 1998, the trial court issued an order (the "1998

Order") regarding the support of Daughter.  Under the terms of the 1998 Order, Father was

obligated to pay $94.00 weekly in child support.  Father was also obligated to pay additional

child support when certain conditions were met.  In October of 2011, Mother filed a motion

for a rule to show cause, claiming that Father had failed to pay child support beyond his

$94.00 weekly obligation pursuant to the terms of the 1998 Order.  Mother appeals following

the denial of her request for summary judgment on this issue.  We affirm.

**FACTS AND PROCEDURAL HISTORY**

Mother and Father are the parents of Daughter who was born on October 3, 1994.  In

an order dated July 10, 1998, the trial court determined that Father's weekly gross income

was $448.00.  Based on this weekly gross income, the trial court ordered Father to pay child

support in the amount of $94.00 weekly.  The trial court also recognized that Father had a

history of earning additional income due to overtime opportunities and bonuses, and set forth

certain conditions under which Father would become obligated to pay additional child

support.

On October 25, 2011, Mother moved for a rule to show cause, claiming that Father

had failed to pay child support beyond his $94.00 weekly obligation pursuant to the terms of

the 1998 Order.  Mother subsequently filed a motion seeking summary judgment on her

motion for a rule to show cause.  On November 14, 2012, the trial court heard argument from

2

the parties regarding Mother's summary judgment request. At the conclusion of the hearing, the trial court took the matter under advisement.

On February 26, 2013, the trial court issued an order denying Mother's request for summary judgment. In doing so, the trial court stated that it was "not persuaded by [Mother's] interpretation of [the 1998 Order] and submission of how to do the calculation of the support due." Appellant's App. pp. 18-19. The trial court further stated that "an additional hearing is needed to determine the proper amounts to be included in a calculation of overtime opportunities and/or bonuses." Appellant's App. p. 19. Mother subsequently sought, and was granted, permission to bring the instant interlocutory appeal.

## DISCUSSION AND DECISION

Mother contends that the trial court erroneously denied her motion for summary judgment.

> Pursuant to Rule 56(C) of the Indiana Rules of Trial Procedure, summary judgment is appropriate when there are no genuine issues of material fact and when the moving party is entitled to judgment as a matter of law. When reviewing a decision to grant summary judgment, this court applies the same standard as the trial court. *Best Homes, Inc. v. Rainwater*, 714 N.E.2d 702, 705 (Ind. Ct. App. 1999). We must determine whether there is a genuine issue of material fact requiring trial, and whether the moving party is entitled to judgment as a matter of law. *Id.* Neither the trial court nor the reviewing court may look beyond the evidence specifically designated to the trial court. *Id.*
> A party seeking summary judgment bears the burden to make a prima facie showing that there are no genuine issues of material fact and that the party is entitled to judgment as a matter of law. *American Management, Inc. v. MIF Realty, L.P.*, 666 N.E.2d 424, 428 (Ind. Ct. App. 1996). Once the moving party satisfies this burden through evidence designated to the trial court pursuant to Trial Rule 56, the non-moving party may not rest on its pleadings, but must designate specific facts demonstrating the existence of a genuine issue for trial. *Id.*

3

*Heritage Dev. of Ind., Inc. v. Opportunity Options, Inc.*, 773 N.E.2d 881, 887-88 (Ind. Ct. App. 2002). Upon review of a trial court's denial of a motion for summary judgment, this court stands in the shoes of the trial court and considers only those materials properly designated before the trial court pursuant to Trial Rule 56. *Kroger Co. v. Plonski*, 930 N.E.2d 1, 6 (Ind. 2010). The party appealing the trial court's denial of summary judgment bears the burden of persuading us that the trial court erred. *New Albany-Floyd Cnty. Educ. Ass'n v. Ammerman*, 724 N.E.2d 251, 256 (Ind. Ct. App. 2000).

In challenging the trial court's denial of her motion for summary Judgment, Mother claims that the language of the 1998 Order is unambiguous. Mother also claims that the only reasonable interpretation of the language of the 1998 Order was that proffered by Mother, and that by rejecting Mother's proffered interpretation, the trial court impermissibly modified the 1998 Order. We disagree.

Although, like a divorce decree, an order establishing a parent's child support obligation may be considered final, in the case of an alleged ambiguity, we must interpret the order as we do any other contract. *See Overholtzer v. Overholtzer*, 884 N.E.2d 358, 361 (Ind. Ct. App. 2008).

> The interpretation and construction of contract provisions is a function for the courts. On appeal, our standard of review is essentially the same as that employed by the trial court. Unless the terms of a contract are ambiguous, they will be given their plain and ordinary meaning. *Niccum v. Niccum*, 734 N.E.2d 637, 639 (Ind. Ct. App. 2000). The terms of a contract are not ambiguous merely because controversy exists between the parties concerning the proper interpretation of terms. *Id*. Where the terms of a contract are clear and unambiguous, the terms are conclusive and we will not construe the contract or look at extrinsic evidence, but will merely apply the contractual provisions. *Id*.

4

*Id.* Furthermore, when trying to ascertain the intent of the parties, the court will read the contract as a whole and will make all attempts to construe the language in the contract so as not to render any words, phrases, or terms ineffective or meaningless. *The Winterton, LLC v. Winterton Investors, LLC*, 900 N.E.2d. 754, 759 (Ind. Ct. App. 2009), *trans. denied*. "The court must accept an interpretation of the contract that harmonizes its provisions rather than one that causes the provisions to conflict." *Id.*

Here, the relevant portions of the 1998 Order read as follows:

> 5.      The Court finds that [Father's] child support obligation herein should be and is herein modified to the sum of ninety-four dollars ($94.00) per week, which sum is determined by an application of the Indiana Child Support Guidelines to the following findings:
> > a.      [Father's] weekly gross income based on a 40 hour work week is $448.00[.]
> …
> 7.      The Court further finds that [Father] has a history of earning additional income due to overtime opportunities and/or bonuses, and that in addition to his regular weekly support of $94.00 per week, he shall pay additional sums for support on a periodic basis. Said additional sums shall be calculated as follows: 15% of [his] gross income in excess of $448.00 per week. Said additional support shall be paid no less than quarterly, with payment due for the preceding quarter within ten (10) days of January 1, April 1, July 1, and October 1 of each year.

Appellant's App. pp. 21-22.

Mother argues that paragraph seven provides that Father was required to pay additional child support in the amount of 15% of *all* gross income in excess of $448.00, irrespective of how said gross income was earned. Mother's argued interpretation of Father's child support obligation would require the court to read the provisions of paragraph seven separately, as opposed to as a whole. This we should not do. Again, in trying to interpret

5

contractual language, this court reads the document as a whole and attempts to construe the language therein so as not to render any words, phrases, or terms ineffective or meaningless. *See Winterton*, 900 N.E.2d at 759. In doing so, we accept the interpretation of the document that harmonizes its provisions rather than cause them to be in conflict. *Id.*

Reading all relevant portions of the 1998 Order together, we are convinced that the additional support obligation set forth in the 1998 Order is dependent upon additional gross income that was earned through "overtime opportunities and/or bonuses." Appellant's App. p. 21. The first sentence of paragraph seven explicitly states that Father "has a history of earning additional income due to overtime opportunities and/or bonuses, and that in addition to his regular weekly support of $94.00 per week, he shall pay additional sums for support on a periodic basis." Appellant's App. pp. 21-22. The court used the word "and" to connect the explanation of how Father earned the additional income to its statement he shall pay additional support on a periodic basis. This connection leads to the reasonable interpretation that the trial court intended to base the additional child support obligation upon the earning of additional income through overtime opportunities and bonuses.

The second sentence of paragraph seven goes on to state that "[s]aid additional sums shall be calculated as follows: 15% of [his] gross income in excess of $448.00 per week." Appellant's App. p. 22. The second sentence clearly refers back to the first sentence. As such, when read together, these sentences indicate that Father's obligation to pay additional child support was dependent upon his earning additional gross income through "overtime opportunities and/or bonuses." Appellant's App. p. 21. Acceptance of Mother's contrary

6

interpretation would, in effect, amount to a retroactive modification of the 1998 Order through an unreasonable interpretation of the language.

Because we conclude that the 1998 Order, when read as a whole, indicates that Father's obligation to pay additional child support is dependent upon his earning additional gross income through bonuses and/or overtime opportunities, we conclude that the trial court did not err in denying Mother's request for summary judgment. Furthermore, it is important to note that had Mother believed that Father's base gross pay had increased at any time after the 1998 Order went into effect, Mother could have raised the issue with the trial court by requesting a modification of the 1998 Order. Mother, however, chose not to do so.

The judgment of the trial court is affirmed.

MATHIAS, J., and PYLE, J., concur.