# FOR PUBLICATION



FILED
Jul 09 2014, 9:58 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN M. SAYRE, III**
Gardner, Sayre & Weikart
Richmond, Indiana

ATTORNEYS FOR APPELLEES:

**GREGG S. GORDON**
Cremer & Cremer
McCordsville, Indiana

**JOHN A. CREMER**
Cremer & Cremer
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DAVID J. MARKEY,                            )
                                           )
    Appellant-Plaintiff,                   )
                                           )
        vs.                                )    No.  89A05-1402-ES-62
                                           )
ESTATE OF FRANCES S. MARKEY,               )
DECEASED; STEPHEN L. ROUTSON,              )
PERSONAL REPRESENTATIVE UNDER              )
THE LAST WILL AND TESTAMENT OF             )
FRANCES S. MARKEY, DECEASED;               )
STEPHEN L. ROUTSON, INDIVIDUALLY;          )
AND MADONNA L. REDA,                       )
                                           )
    Appellees-Defendants.                  )

APPEAL FROM THE WAYNE SUPERIOR COURT
The Honorable Charles K. Todd, Jr., Judge
Cause No. 89D01-1208-ES-51

**July 9, 2014**

**BAKER, Judge**

In this case we are asked to clarify the time limit within which an action for a breach of contract to make a will must be filed. Here, appellant-plaintiff David Markey appeals the trial court's grant of summary judgment in favor of appellee-defendant the Estate of Frances Markey regarding his claim that Frances had violated a contract with Markey's Father to make mutual wills. Markey argues that summary judgment was inappropriate because he timely filed his action within nine months of Frances's death. Markey also contends that applying the three-month limitation period for will contest actions would violate his due process rights and maintains that the trial court improperly determined a disputed issue of fact. Conversely, the Estate argues that Markey's action to enforce a contract to make a will is not a "claim" as defined in Indiana Code section 29-1-14-1 of the Probate Code and that his action is governed by a three-month time limitation. We find that a three-month period of limitation applies to Markey's action and that there is no genuine issue of material fact. Therefore, we affirm the judgment of the trial court.

<u>FACTS</u>

Markey is the son and only child of John Markey (Father) and Betty Porter Markey (Mother). In 1987, Mother developed Alzheimer's disease, and, in 1989, she went to live in a nursing home in Dayton, Ohio. Father began a relationship with Frances

around this time.  In 1991, Frances moved into Father's and Mother's home at Lake Lakengren, Ohio.  Prior to Mother's transfer to a nursing home in Richmond, Indiana in 1992, substantial assets that Mother had inherited from her parents were transferred to Father.  On August 1, 1998, Mother passed away.  On August 24, 1998, Father and Frances married.  Frances had two children at the time of the marriage, now Stephen Routson (Stephen) and Madonna Reda (Madonna).

On September 16, 1998, Father and Frances executed a contract to make mutual wills (the contract).  The contract specified that Father and Frances would both execute wills providing that on the death of Father or Frances−whichever was later−half of the decedent's estate would be divided equally between Markey and Gillian Treadwell (Gillian), Frances's granddaughter.  The contract further provided that the wills would not be revoked and that, in the event of a revocation, Markey would be entitled to bring an action at law or in equity seeking specific performance.  Father and Frances executed wills adhering to the contract the same day the contract was executed.  At some point in 1998 or 1999, Father gave a copy of the wills and the contract to Markey.  Although they stipulated to the existence of the contract for purposes of summary judgment, Stephen and Madonna stated that they were unaware of the contract.

Father died on March 13, 2008 without revoking the will made in 1998, and all his assets passed to Frances.  Markey maintained a relationship with Frances until October 17, 2009, when she communicated to him that she was no longer interested in continuing their relationship and that she did not wish to hear from him again.

On May 25, 2010, Frances executed a subsequent will, which revoked the will made pursuant to the 1998 contract with Father. Markey was unaware of this will. Frances died on July 29, 2012. As Markey knew about the contract to make mutual wills, he periodically searched for information about Frances; specifically, he searched for her obituary. Nevertheless, Markey states that he did not discover that Frances had died until April 25, 2013.

Frances's Estate was opened August 22, 2012. The proof of publication was filed on October 1, 2012; it confirmed that notice of administration was published of the opening of the Estate in the Western Wayne News on September 5 and September 12, 2012.

On April 29, 2013, Markey brought an action to enforce the terms of the contract against the Estate, Stephen as personal representative of the Estate, and Stephen and Madonna individually as sole beneficiaries of the estate. This was eight months after Frances's will was admitted to probate.

On May 23, 2013, Madonna filed her answer and motion for summary judgment for the Estate, arguing that Markey's action was time-barred because it was filed more than three months after Frances's will was admitted to probate. For purposes of the summary judgment motion, the parties stipulated 1) that Father and Frances had signed a contract to make mutual wills; 2) that Frances took title to all Father's assets consistent with his 1998 will, and 3) that Frances, contrary to the terms of the contract to make mutual wills, executed a new will in May 2010.

4

Markey filed a motion for enlargement of time to file his summary judgment response on June 11, 2013, which the trial court approved. Markey filed a second motion for enlargement of time to file his summary judgment response on July 30, 2013. In the second motion, he stated that Madonna refused to sit for a deposition and that he had failed, despite several attempts, to locate Gillian, Madonna's adult daughter who would have been Markey's co-beneficiary under the contract. Madonna's counsel verified Gillian's address, and Markey, who had received no response to inquiries sent to that address, then filed a petition for letters rogatory and commission to conduct out-of-state non-party discovery to obtain a subpoena to depose Gillian. However, on August 27, 2013, before Markey was able to depose Gillian, the trial court determined that Markey could properly respond to Madonna's summary judgment motion without further discovery.

In his response to Madonna's summary judgment motion, Markey argued that he had timely filed his action within nine months of the decedent's death. He stated that because he was a "reasonably ascertainable creditor" under Indiana Code section 29-1-7-7(d)(2), he was entitled to actual notice of the opening of the Estate. Indiana Code section 29-1-7-7(d)(2) provides that a reasonably ascertainable creditor with a claim is entitled to actual notice from the personal representative; if they do not receive such notice, the time limitation for filing is extended to nine months from the date of the decedent's death under Indiana Code section 29-1-7-7(e).

On October 24, 2013, the trial court held a hearing on Madonna's summary judgment motion. At the hearing, Madonna's attorney stated that it was "undisputed that none of the defendants knew about the alleged contract prior to being served with a copy of plaintiff's complaint." Tr. p. 5 -6. Markey's counsel responded that knowledge of the contract was a disputed issue of fact.

On January 24, 2014, the trial court granted Madonna's motion for summary judgment, determining that this Court's decision in Keenan v. Butler, 869 N.E.2d 1284 (Ind. Ct. App. 2007), was controlling. The trial court noted that, in Keenan, we held that an action to enforce a contract to make a will was not a "claim" under Indiana Code section 29-1-14-1 of the Probate Code. Further, the trial court held that a footnote in the Keenan case was determinative of Markey's action; specifically, the footnote stated that, "[f]or timely administration of an estate, a breach of contract to make a will action should similarly be limited. Where the action is challenging the distribution pursuant to a probated will, the petition must be filed within three months of the order admitting the will to probate." 869 N.E.2d at 1290 n. 6. The trial court found that:

> Footnote [six] of the opinion, whether binding or not, is logical in light of the body of the Keenan opinion, and is persuasive. In essence, similar to Keenan, Markey's action is challenging the distribution pursuant to a probate will of remaining or net assets after payment of claims. Thus, this Court also finds that for timely administration of an estate, a breach of contract regarding mutual wills should be limited to three (3) months from the order admitting a will to probate. For the reasons stated in Keenan, such a challenge is most analogous to a will contest action, which affects the distribution of estate assets rather than the value.

Appellant's App. p. 20-21.

6

Markey now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

When we review the grant or denial of a summary judgment motion, we apply the same standard as the trial court. Kroger Co. v. Plonski, 930 N.E.2d 1, 4–5 (Ind. 2010). Summary judgment is appropriate only where the evidence shows that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Id.; Ind. Trial Rule 56(C). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party, and all doubts concerning the existence of a material issue must be resolved against the non-moving party. Id. Nevertheless, the trial court's grant of summary judgment "enters appellate review clothed with a presumption of validity," and the appellant bears the burden of demonstrating that the trial court erred. Trustcorp Mortg. Co. v. Metro Mortg. Co. Inc., 867 N.E.2d 203, 211 (Ind. Ct. App. 2007).

### II. Time for Filing

Markey argues that his action was timely filed within nine months of Frances's death. Asserting that his action is a "claim" under Indiana Code section 29-1-14-1 of the Probate Code, Markey maintains that, as a reasonably ascertainable creditor, he was entitled to actual notice. Appellant's Br. p. 12.

7

Indiana Code section 29-1-14-1(a)(1) states that:

Except as provided in IC 29-1-7-7, all claims against a decedent's estate, other than expenses of administration and claims of the United States, the state, or a subdivision of the state, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees, and legatees of the decedent, unless filed with the court in which such estate is being administered within . . . three months after the date of the first published notice to creditors.

However, Markey claims that he comes within an exception to this rule under

Indiana Code section 29-1-7-7(d), which provides that:

The personal representative or the personal representative's agent shall serve notice on each creditor of the decedent:
      (1) whose name is not set forth in the petition for probate or letters under subsection (c);
      (2) who is known or reasonably ascertainable within one (1) month after the first publication of notice under subsection (a); and
      (3) whose claim has not been paid or settled by the personal representative.

If such actual notice is not provided, Indiana Code section 29-1-7-7(e) states that:

If the personal representative or the personal representative's agent fails to give notice to a known or reasonably ascertainable creditor of the decedent under subsection (d) within one (1) month after the first publication of notice under subsection (a), the period during which the creditor may submit a claim against the estate includes an additional period ending two (2) months after the date notice is given to the creditor under subsection (d). However, a claim filed under IC 29-1-14-1(a) more than nine (9) months after the death of the decedent is barred.

In other words, if a reasonably ascertainable creditor is not given actual notice, that

creditor has nine months from the death of the decedent to file a claim against the estate.

8

Markey argues that he is a reasonably ascertainable creditor and maintains that the trial court erred in granting summary judgment, as whether he is indeed a reasonably ascertainable creditor is a genuine issue of material fact.

The trial court, however, determined that <u>Keenan</u> applied to Markey's action and found that Indiana Code sections 29-1-14-1 and 29-1-7-7 did not apply to Markey's action, as it was not a "claim" as contemplated by those sections. Appellant's App. p. 21. The trial court included this summary of the <u>Keenan</u> case in its findings:

> In <u>Keenan</u>, supra, the Personal Representative of the estate filed a motion to dismiss a breach of contract action filed against [the] estate by descendants of decedent's wife, who alleged decedent breached an oral contract with wife to make a will leaving the majority of the estate to wife's descendants. The trial court denied the motion and the Personal Representative appealed. The Indiana Court of Appeals reversed and remanded, holding, in summarized form, that an action against the decedent's estate for breach of an oral contract to make a will did not constitute a claim under [the] nonclaim section of [the] Probate Code, nor did it constitute a will contest action . . ."

Appellant's App. p. 17. As the trial court determined that Markey's action was not a claim, regardless of whether or not Markey was a reasonably ascertainable creditor, his action was not eligible for the nine-month limitation period for filing.

The trial court also pointed to a footnote in <u>Keenan</u> that stated:

> We have not been asked to decide whether there is a time limit within which an action for breach of contract to make a will must be filed. However, statutes of repose, here limiting the time to file to three months, govern both claims and will contests. <u>See</u> I.C. §§ 29–1–7–17 and 29–1–14–1. For timely administration of an estate, a breach of contract to make a will action should similarly be limited. <u>Where the action is challenging the distribution pursuant to a probated will, the petition must be filed within three months of the order admitting the will to probate.</u>

9

869 N.E.2d at 1290 n. 6 (emphasis added). The trial court determined that the footnote, whether or not it was binding precedent, was logical in light of the body of the <u>Keenan</u> opinion and determined that it applied to Markey's action to enforce a contract to make mutual wills.

We agree with the trial court that the footnote in <u>Keenan</u> is directly applicable in a case such as Markey's, which concerns an action to enforce a contract to make a will. Therefore, we find that the trial court correctly determined that the three-month limitation period for such actions suggested in footnote six of <u>Keenan</u> applied to Markey's action.

### III. Due Process

Markey also argues that a three-month limitation period for will contest actions would violate his due process rights. He maintains that his action, whether or not it is a claim, is a property interest and that he was entitled to actual notice of the Estate opening. Appellant's App. p. 19.

"The Fourteenth Amendment prohibits any state from depriving 'any person of life, liberty, or property, without due process of law.' Thus, one claiming a violation of due process must show 1) that there has been state action and 2) that a protected property interest is involved. <u>Matter of Estate of Wilson</u>, 610 N.E.2d 851, 856 (Ind. Ct. App. 1993). Markey argues that the three-month limitation period as applied to his action constitutes state action for the purposes of due process because legal proceedings trigger the time bar. In such circumstances, the United States Supreme Court has stated that

10

"due process is directly implicated and actual notice required." Tulsa Prof'l Collection Servs., Inc. v. Pope, 485 U.S. 478, 487 (1988); see also Estate of Decker v. Farm Credit Servs. of Mid-Am., ACA, 684 N.E.2d 1137, 1140 n. 4 (Ind. 1997) (quoting the holding in Pope that "[w]here the legal proceedings themselves trigger the time bar, even if those proceedings do not necessarily resolve the claim on its merits, the time bar lacks the self-executing feature . . . necessary to remove any due process problem.").

Here, Markey argues that Indiana Code section 29-1-7-17, which states that "[a]ny interested person may contest the validity of any will in the court having jurisdiction over the probate of the will within three (3) months after the date of the order admitting the will to probate," is not self-executing because legal proceedings trigger the time limitation.

While Markey concedes that the right to contest a will is not a property interest for due process considerations and states that the three-month limitation for filing a will contest does not violate due process when applied to will contest actions generally, he maintains that applying the three-month limitation to his action, which he claims is a property interest, would violate due process.

While we agree with Markey that State action is implicated by the three-month limitation for will contests, we find that he was not entitled to actual notice or extended time for filing. In footnote six of Keenan, this Court noted that, under Indiana Code sections 29-1-7-17 and 29-1-14-1, both claims and will contests are limited to a three-month time for filing and stated that "For timely administration of an estate, a breach of

11

contract to make a will action should similarly be limited. Where the action is challenging the distribution pursuant to a probated will, the petition must be filed within three months of the order admitting the will to probate." 869 N.E.2d at 1290 n.6. We agree with the trial court's determination that <u>Keenan</u> applied to Markey's action and that "notice was provided by publication on September 5 and 12, 2012, and the undisputed evidence does not support any other required notice to Markey." Appellant's App. p. 21. Therefore, Markey's due process argument fails.

## IV. Disputed Issue of Fact

Markey also argues that the trial court improperly determined a disputed issue of fact when it made "an implicit factual determination" that Markey was not a reasonably ascertainable creditor under Indiana Code section 29-1-7-7(d)(2) and, therefore, was not entitled to actual notice.[1] Appellant's Br. p. 22.

Markey argues the trial court erred in its implicit determination that he was not a reasonably ascertainable creditor because it limited his discovery and based its determination on its findings that "[i]t is undisputed that Stephen Routson and Madonna Reda did not learn of the contract until after [Markey's] action was filed" and that Markey "[made] no allegation that [he] ever informed Routson or Reda of the contract to make mutual wills." Appellant's App. p. 15. Markey contends that the trial court's determination was incorrect because Stephen and Madonna's knowledge of the contract

---

[1] It is important to note that the trial court did not state in its findings that Markey was not a reasonably ascertainable creditor. Markey's argument is based on his determination that, when the trial court determined that Stephen and Madonna did not know of the contract until Markey's action, the court also <u>implicitly</u> determined that Markey was not a reasonably ascertainable creditor.

12

is irrelevant to whether Markey's action is barred by the three-month limitation. He argues that their actual knowledge of the contract is not coextensive with the question of whether Markey was a reasonably ascertainable creditor.

We agree with Markey that Stephen and Madonna's actual knowledge of the contract is not coextensive with the question of whether Markey was a reasonably ascertainable creditor. However, as Markey's action was not a claim as contemplated by Indiana Code section 29-1-7-7(d)(2), whether or not he was a reasonably ascertainable creditor under that section is not a material issue of fact; it is irrelevant to the trial court's grant of summary judgment in favor of the Estate.

We find that the trial court was correct in determining that the three month limitation established by this Court in Keenan, rather than the nine-month limitation for reasonably ascertainable creditors who have not been provided with actual notice by the personal representative, applied to Markey's action. The judgment of the trial court is affirmed.

BARNES, J., and CRONE, J., concur.