**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JOHN P. DALY, JR.**
Golitko & Daly, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**SCOTT L. BUNNELL**
**ANDREW S. WILLIAMS**
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN ADAMS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 08A04-1406-CT-256 |
| | ) | |
| CTB, INC., Individually and d/b/a, | ) | |
| BROCK GRAIN SYSTEMS, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE CARROLL CIRCUIT COURT
The Honorable Benjamin A. Diener, Judge
Cause No. 08C01-1106-CT-6

October 10, 2014

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

John Adams appeals the trial court's grant of summary judgment in favor of CTB, Inc., individually and d/b/a Brock Grain Systems (collectively "Brock"). We affirm.

**Issue**

Adams raises one issue, which we restate as whether are genuine issues of material fact relating to breach that preclude the entry of summary judgment for Brock.

**Facts**

Brock manufactures grain dryers. Indiana Farm Systems ("IFS") sells and installs Brock's grain dryers. Adams was employed by IFS as a farm equipment installer. When IFS installed a Brock grain dryer, it had the choice of having Brock deliver the grain dryer to the site, in which case Brock would use its own custom jacks to lift the grain dryer from the bed of the truck, or IFS could transport the grain dryer to the site using a large truck and use its own jacks during the installation. Brock charged an additional delivery fee if IFS chose to have Brock deliver the grain dryer.

In June 2010, Adams was installing a Brock grain dryer in Camden. The grain dryer had previously been transported to the site by IFS. During the installation process, the grain dryer fell off the jacks and onto Adams, causing severe and permanent injuries.

In 2011, Adams filed a complaint against Brock alleging that it negligently failed to provide its custom jacks to IFS. In 2013, Brock filed a motion for summary judgment, and Adams responded and filed a cross-motion for partial summary judgment on the issue of duty. Brock responded and replied to Adams's cross-motion for summary judgment, and Adams replied. On April 4, 2014, following a hearing, the trial court

2

granted Adams's motion for partial summary judgment, concluding that Brock owed Adams a duty of reasonable care. The trial court also concluded there were no genuine issues of material fact and granted Brock's motion for summary judgment. Adams filed a motion to correct error, which the trial court denied. Adams now appeals.

**Analysis**

Adams argues that the trial court erroneously granted Brock's motion for summary judgment. "We review an appeal of a trial court's ruling on a motion for summary judgment using the same standard applicable to the trial court." Perdue v. Gargano, 964 N.E.2d 825, 831 (Ind. 2012). "Therefore, summary judgment is appropriate only if the designated evidence reveals 'no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Id. (quoting Ind. Trial Rule 56(C)). Our review of summary judgment is limited to evidence designated to the trial court. Id. (citing T.R. 56(H)). All facts and reasonable inferences drawn from the evidence designated by the parties are construed in a light most favorable to the non-moving party, and we do not defer to the trial court's legal determinations. Id.

To recover on a common law negligence claim, Adams was required to establish a duty on the part of Brock to conform its conduct to a standard of care arising out of its relationship with him, a failure on the part of Brock to conform its conduct to the requisite standard of care, and an injury to Adams that was proximately caused by the breach. See Vaughn v. Daniels Co. (W. Virginia), 841 N.E.2d 1133, 1143 (Ind. 2006). "Summary judgment is appropriate when the undisputed material evidence negates one element of a claim." Estate of Mintz v. Connecticut Gen. Life Ins. Co., 905 N.E.2d 994,

3

998 (Ind. 2009). Here, Adams moved for and was granted partial summary judgment on the basis that Brock owed him a duty of care. That issue is not challenged on appeal. Rather, the issue is whether Brock breached its duty to Adams by not providing custom jacks for IFS to use during installation, proximately causing Adams's injuries.

Adams argues that the designated evidence established that the custom jacks were not provided to Adams or IFS at the time of installation. This, however, does not create a genuine issue of material fact for trial because it was undisputed that the custom jacks would be provided only if Brock delivered the grain dryer and IFS chose to transport the grain dryer itself.

IFS's owner and president, Daniel Trost, testified in a deposition that in June 2010, Brock could deliver the grain dryer or IFS could transport it to the site. If Brock delivered the grain dryer, Brock provided its custom jacks but, if IFS transported the grain dryer, its own jacks were used. Trost stated that the decision whether to have Brock deliver a grain dryer was based on the size of the grain dryer and that IFS always transported grain dryers the same size as or smaller than the one that injured Adams to the site itself. Trost stated that IFS delivered the grain dryer that day because "[w]e had the ability, we had the equipment, and we'd figured from the cost based on us delivering it from the store. It costs us less than it does to have Brock deliver it." App. p. 49. A Brock representative testified that it is the dealer's choice whether the dealer will transport a grain dryer or whether Brock will deliver it. Thus, the custom jacks were available if IFS chose to have Brock deliver the grain dryer.

4

Although it is disputed whether Brock indicated that it would make the custom jacks available to installers, this is not an issue of material dispute because it does not bear on the ultimate resolution of a relevant issue. See Bushong v. Williamson, 790 N.E.2d 467, 474 (Ind. 2003) ("A factual issue is material for the purposes of Trial Rule 56(C) if it bears on the ultimate resolution of a relevant issue."). Quite simply, it was undisputed that the custom jacks would not be provided by Brock that day. In fact, Trost testified that IFS knew the custom jacks would not be provided that day. See App. p. 50. We are also unpersuaded that the distinction between delivery and installation creates genuine issue of material fact for trial. It is undisputed that the custom jacks were available only if Brock delivered the grain dryer, that IFS chose to transport the grain dryer itself, and that IFS knew the custom jacks would not be available on the day of the accident. This undisputed evidence leads to the single conclusion that Brock did not breach its duty to Adams. See Kroger Co. v. Plonski, 930 N.E.2d 1, 9 (Ind. 2010) ("Only where the facts are undisputed and lead to but a single inference or conclusion may the court as a matter of law determine whether a breach of duty has occurred."). The trial court properly granted Brock's motion for summary judgment.

## Conclusion

Because there are no genuine issues of material fact for trial, the trial court properly granted summary judgment for Brock. We affirm.

Affirmed.

BRADFORD, J., and BROWN, J., concur.

5