## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 28 2016, 8:27 am

**CLERK**
of the supreme court,
court of appeals and
tax court

| APPELLANT *PRO SE* | ATTORNEYS FOR APPELLEES |
|---|---|
| Jill Yount<br>Scottsburg, Indiana | Richard T. Mullineaux<br>Crystal G. Rowe<br>Whitney E. Wood<br>Kightlinger & Gray, LLP<br>New Albany, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jill Yount,<br><br>*Appellant-Plaintiff,*<br><br>v.<br><br>Robert L. Houston and Houston & Thompson,<br><br>*Appellees-Defendants.* | January 28, 2016<br><br>Court of Appeals Case No.<br>72A05-1508-CT-1119<br><br>Appeal from the Scott Circuit Court<br><br>The Honorable Daniel E. Moore, Special Judge<br><br>Trial Court Cause No.<br>72C01-1406-CT-11 |

**Bradford, Judge.**

## Case Summary

In 2014, Appellant-Plaintiff Jill Yount ("Jill") brought a legal malpractice claim against Appellees-Defendants Robert L. Houston ("Houston") and Houston & Thompson. The claim stems from Houston's representation of Jill's grandmother, Margerie Yount ("Margerie"). Margerie was the settlor of an inter vivos trust of which Jill was a beneficiary and trustee for several years. In 2011, Margerie hired Houston to represent her in an action to remove Jill as trustee. Jill ultimately agreed to be removed as trustee. A new trustee was never appointed and Margerie died in 2013. In her complaint against Houston, Jill claims that Houston was negligent for failing to assure that a suitable trustee was appointed following her removal. The trial court granted summary judgment in favor of Houston. On appeal, Jill claims that the trial court erred in finding that Houston did not owe Jill a duty and so could not be held liable for malpractice. We affirm.

## Facts and Procedural History

On January 10, 2001, Margerie and her husband, Roy Yount ("Roy") created a revocable inter vivos trust with Margerie as the sole initial trustee. Roy died in September of 2011. Margerie subsequently restated the trust, naming it the Margerie A. Yount Living Trust ("the Trust"), and appointed her granddaughter Jill to be trustee. Upon Margerie's death, all property in the Trust not previously distributed was to be divided in equal 1/6 shares to the following beneficiaries: Jill, Gina Hash, Kathy Yount, Toska Feather, Susan Yount, and Sonya Glenn.

[3]     At some point, Margerie and Jill's relationship became strained and Margerie believed that Jill had stolen some personal property from her. As a result, on February 16, 2011, Margerie, individually and as settlor of the Trust, filed a complaint against Jill to have her removed as trustee and to appoint Kathy. Margerie hired Houston to represent her in this action. Eventually, Jill agreed to be removed as trustee and the trial court issued an order evidencing her removal.

> On February 4, 2011 Margerie A. Yount notified Jill L. Yount of her intent to remove Jill as trustee….The interested persons appeared for a hearing on April 26, 2011 and agreed to Jill no longer serving as trustee. Margerie shall give notice of this trust proceeding to the six grandchildren named as remainder beneficiaries. All interested persons have thirty (30) days from the date hereof to endeavor to agree on a successor trustee. If the parties are not able to agree on a successor trustee, any interested person can request a hearing with the Court.

> Until a successor trustee is appointed, Margerie and Jill have agreed not to pledge, transfer, or distribute any trust property, except for payment of medical and nursing home expenses, unless all counsel agree to a distribution for payment of Margerie's other expenses. The Court orders this, which order shall apply to any person in possession of trust property. In the event that the parties cannot agree on a successor trustee or on the need for a successor trustee, then any interested party may request that the Court schedule the matter for a hearing.

Appellees' App. p. 144. A new trustee was never agreed upon and no interested party requested the court to have a trustee appointed.

On December 21, 2012, the trial court issued an order releasing Trust funds for the payment of Margerie's living expenses and each parties' attorneys' fees. Margerie died on December 23, 2013. There has been no action regarding the Trust since that time.

On June 2, 2014, Jill *pro se* filed a complaint against Houston alleging legal malpractice. Specifically, her complaint that Houston was negligent in failing to assure that a suitable trustee was appointed following her removal as trustee. On April 2, 2015, Houston moved for summary judgment arguing, among other things, that Jill's legal malpractice claim must fail because Houston never had an attorney-client relationship with Jill and so owed her no duty. The trial court granted Houston's motion for summary judgment on July 10, 2015.

# Discussion and Decision

On appeal, Jill claims that the trial court erred in granting summary judgment because there are material issues of fact and because Houston owed a duty to her.

> When reviewing a grant or denial of a motion for summary judgment our standard of review is the same as it is for the trial court. *Kroger Co. v. Plonski*, 930 N.E.2d 1, 4 (Ind. 2010). The moving party "bears the initial burden of making a prima facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law." *Gill v. Evansville Sheet Metal Works, Inc.*, 970 N.E.2d 633, 637 (Ind. 2012). Summary judgment is improper if the movant fails to carry its burden, but if it succeeds, then the nonmoving party must come forward with evidence establishing the existence of a genuine

issue of material fact. *Id.* In determining whether summary judgment is proper, the reviewing court considers only the evidentiary matter the parties have specifically designated to the trial court. *See* Ind. Trial R. 56(C), (H). We construe all factual inferences in the non-moving party's favor and resolve all doubts as to the existence of a material issue against the moving party. *Plonski*, 930 N.E.2d at 5.

*Reed v. Reid*, 980 N.E.2d 277, 285 (Ind. 2012).

# I. Whether Houston Owed a Duty to Jill

[7]     "Under Indiana law, the elements of legal malpractice are: (1) employment of an attorney, which creates a duty to the client; (2) failure of the attorney to exercise ordinary skill and knowledge (breach of the duty); and (3) that such negligence was the proximate cause of (4) damage to the plaintiff." *Clary v. Lite Mach. Corp.*, 850 N.E.2d 423, 430 (Ind. Ct. App. 2006). Jill concedes that Houston has never represented her, she never considered Houston to be her attorney, and in the litigation concerning her removal as trustee Houston represented her grandmother and Jill was represented by her own counsel. However, Jill nevertheless argues that Houston owed her a duty as a beneficiary based on *In re Estate of Lee*, 954 N.E.2d 1042 (Ind. Ct. App. 2011) and the Indiana Prudent Investor Rule, Indiana Code chapter 30-4-3.5 *et seq*. Despite citing these two authorities, Jill fails to explain how they apply to this case.

[8]     First, we note that the Prudent Investor Rule, which governs a trustee's "duty to the beneficiaries of the trust" to properly manage trust assets, "applies to a trustee or escrow agent." Ind. Code § 30-4-3.5-1. Houston was the attorney

representing Margerie, as the settlor of the trust, to remove Jill as trustee. We fail to see how the Prudent Investor Rule is relevant here, as Houston was neither a trustee nor an escrow agent.

[9]     In *Lee*, this court addressed a situation in which an attorney, Colussi, represented an estate and was sued for malpractice for allegedly failing to properly oversee and manage the estate's assets. 954 N.E.2d at 1045. The trial court granted summary judgment in favor of Colussi but this court reversed that determination on appeal. *Id*. We found that Colussi owed a duty to the estate and that there was a material issue of fact regarding whether the Colussi's failure to monitor an estate bank account constituted a breach of that duty. *Id*. at 1048.

[10]    *Lee* is distinguishable from the instant case. In *Lee*, it was the estate that brought the malpractice claim against Colussi as opposed to an individual beneficiary. Colussi was hired following Lee's death to represent her estate and "there [was] no question that Colussi owed a general duty to the Estate" as his client. *Id*. Here, Houston was hired to represent Margerie personally, as settlor of the Trust, in an action against the trustee. Houston was never a representative of Margerie's estate following her death. Accordingly, his duty was solely to Margerie.

[11]    As a general rule, attorneys do not owe a duty to non-client third parties except in the context of third-party beneficiaries. *Hacker v. Holland*, 570 N.E.2d 951, 955 (Ind. Ct. App. 1991) (citing *Walker v. Lawson*, 526 N.E.2d 968 (Ind. 1988)

(held that action will lie by beneficiary under will against attorney who drafted will on basis that beneficiary is known third party). The scope of Houston's work for Margerie was not intended to confer a benefit to any third-party and Houston did not draft or amend the Trust. Certainly, Jill was not a third-party beneficiary of Houston's arrangement with Margerie and in fact was directly adverse. As such, we find that the trial court did not err in finding that Houston did not owe a duty to Jill.

## II. Material Issues of Fact

[12] The only cognizable issue of fact Jill raises in her brief is the scope of Houston's representation of Margerie. In a March 31, 2015 affidavit, Houston stated that the scope of his representation "was only to represent Margerie A. Yount as Settlor of the [Trust] in her effort to remove Jill Yount as Trustee." Appellant's App. p. 14. In her own affidavit, Jill states that Houston's representation extended beyond this scope when he prepared an emergency order to release funds from the trust in order to pay Margerie's expenses, which included his and Jill's attorney fees. Houston concedes that he prepared the motion for emergency hearing in his appellate brief.

[13] Even assuming the trial court found the affidavits to conflict so as to create an issue of fact, that fact is not material for purposes of Trial Rule 56(C) to preclude summary judgment. A fact is "material" for summary judgment purposes if its resolution affects the outcome of the case or the determination of a relevant issue. *Penwell v. W. & S. Life Ins. Co.*, 474 N.E.2d 1042, 1044 (Ind. Ct.

App. 1985). Even if the original scope of Houston's representation of Margerie was extended to assist her in acquiring funds from the Trust, such an expansion of scope is not material to determine whether Houston owed a duty to Jill.

[14] The judgment of the trial court is affirmed.

Pyle, J., and Baker, J., concur.