Sprague v. The Cutler and Savidge Lumber Company.

---

Filed April 17, 1886.

---

No. 12,538.

## SPRAGUE v. THE CUTLER AND SAVIDGE LUMBER COMPANY.

FOREIGN CORPORATION.— *Compliance with Law Authorizing it to do Business in this State.—Presumption.--Pleading.*—Where the complaint of a foreign corporation is silent on the subject, it will be presumed, on demurrer

Sprague *v.* The Cutler and Savidge Lumber Company.

for want of facts' and want of legal capacity to sue, that it has complied with sections 3022 and 3023, R. S. 1881, authorizing it to do business in this State.

From the Marion Superior Court.

*P. W. Bartholomew,* for appellant.

*N. Morris* and *L. Newberger,* for appellee.

Howk, J.—In this case the complaint of the appellee, the plaintiff below, counted upon a promissory note for the sum of $223.12, dated at Indianapolis, Indiana, on June 9th, 1884, whereby the appellant, Laura F. Sprague, ninety days after the date thereof, promised to pay to the order of the Cutler and Savidge Lumber Company, the aforesaid sum of money with interest at eight per cent. per annum after maturity, until paid.    In its complaint, the appellee, a corporation organized and existing under the laws of the State of Michigan, alleged that appellant, by her note, a copy of which was filed with such complaint, promised to pay appellee the above mentioned sum of money; that certain specified payments had been made on such note, and that the balance of the note, with interest and attorneys' fees, was long past due and remained unpaid.    Wherefore, etc.

Appellant's demurrer to appellee's complaint was overruled by the court at special term, to which ruling she excepted; and upon her failure to answer over, judgment was rendered against her as upon default for the amount due on the note, and costs of suit.    On appeal, the general term affirmed the judgment of the court at special term, and this appeal is prosecuted here from the judgment of the general term.

By a proper assignment of error here, appellant has brought before this court the same error assigned by her in general term, namely, the overruling of her demurrer to appellee's complaint.    Appellant demurred to the complaint for the following reasons:

1. Because appellee had not the legal capacity to sue; and,

2. Because the complaint did not state facts sufficient to constitute a cause of action.

It is insisted on behalf of appellant, that appellee can not maintain this suit, because its complaint shows that it is a foreign corporation and fails to show that it has complied with the provisions of sections 3022 and 3023, R. S. 1881, in relation to the duties of agents of such corporations, doing business in this State, before entering upon the duties of their agency. This objection to the complaint, or to appellee's capacity or right to maintain the suit, is not well taken and can not be sustained. The same objection was urged to the complaint in *Cassaday* v. *American Ins. Co.*, 72 Ind. 95, and the court there said: "Even if the compliance with the requirements of the statute by the appellee and its solicitor were of the essence of the contract in suit and indispensable to its validity, still we think, that, where the complaint is silent on the subject, it can not be presumed that the appellee and its agent had not complied with the provisions of the statute at the time of the execution of the contract. In the absence of any showing to the contrary, it seems to us that we may fairly presume that both the appellee and its solicitor had complied with the requirements of the statute before and at the time the policy was issued and the note in suit was given therefor. At all events, we are of the opinion that the complaint ought not to be held insufficient on a mere presumption that the appellee and its agent may not have complied with the provisions of the statute, and certainly the judgment below ought not to be reversed on any such presumption."

There is no error in the record of this cause.

The judgment is affirmed, with costs.

Filed April 17, 1886.