**DOMAIN INDUSTRIES, INC.,
Plaintiff-Appellant,**

**v.**

**UNIVERSAL POOL SUPPLY, INC.,
Barry Poll, Norman Poll, and Allen
Poll, Defendants-Appellees.**

No 3–1277A310.

Court of Appeals of Indiana,
Fourth District.

April 28, 1980.

Thomas R. Bullard, Cohen, Cohen & Bullard, East Chicago, for plaintiff-appellant.

Richard P. Komyatte and Daniel L. Freeland, Efron, Efron & Komyatte, Hammond, for defendants-appellees.

YOUNG, Judge.

·Domain Industries, Inc., appellant-plaintiff appeals from the dismissal of its complaint. The complaint was dismissed because Domain was a foreign corporation transacting business within Indiana without a certificate of admission under Ind.Code § 23–1–11–14 and therefore not entitled to maintain any suit or action in the courts of this state.

Domain brought suit against Universal Pool Supply, Inc., appellee-defendant, alleging defendant owed to Domain approximately $8000 for goods and services. Universal moved to dismiss the complaint alleging Domain failed to state a claim because "plaintiff is not a corporation authorized to do business within the State of Indiana and thus, pursuant to statute, is not a proper party to use the courts of this state." The trial court heard argument and both parties submitted memoranda in support of their position. The trial court granted defendant's motion and the cause was ordered dismissed.

■■ The capacity of plaintiff to bring suit is an affirmative defense to be specially pleaded by ˙the defendant. Ind.Rules of Procedure, Trial Rules 8(C) and 9(A). *Clark Advertising Agency, Inc. v. Avco Broadcasting Corp.* (1978), Ind.App., 383 N.E.2d 353. The burden of proving lack of capacity is upon the person asserting the lack of it. TR. 9(A). Such an affirmative defense can be raised under a TR. 12(B)(6) responsive motion. *Clark, supra; Middelkamp v. Hanewich* (1977), Ind.App., 364 N.E.2d 1024. See also 1 W. Harvey, Indiana Practice 103 (West 1979 Supp.).

Since it is not readily apparent from the record whether matters outside the pleadings were considered, we must determine whether defendant's motion was ruled upon by the trial court as a motion for summary judgment or a motion to dismiss. Obviously this determination triggers a difference in our analysis on review.

 If the trial court dismissed the suit on a motion to dismiss filed under TR. 12(B)(6), the standard to be applied is that a complaint is "subject to dismissal only when it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts." *Pactor v. Pactor* (1979), Ind. App., 391 N.E.2d 1148, 1152; see *State v. Rankin* (1973), 260 Ind. 228, 294 N.E.2d 604. Matters outside the pleadings cannot be considered; if matters outside the pleadings are considered the motion becomes one for summary judgment. *Middelkamp, supra.* Therefore we believe that if this suit was dismissed on a TR. 12(B)(6) motion, the trial court erred. It does not appear to a certainty from the pleadings that plaintiff can prove no set of facts which would entitle it to relief. The complaint[1] states that a sum is due and owing to plaintiff by defendant for goods and services. Where the complaint of a foreign corporation is silent on the subject, it will not be presumed that the corporation has not complied with the statute on the allegation by the defendant of want of legal capacity to sue. *Sprague v. Cutler & Savidge Lumber Co.* (1886), 106 Ind. 242, 6 N.E. 335. Of course, this presumption may be rebutted with evidence. On the face of the pleadings without any additional matters considered, the complaint states a claim and defendant responded with only an allegation of lack of capacity. It was error to dismiss the suit on this basis.

However, "pleadings are to be *examined and treated* as to their content rather than their captions." *McQueen v. State* (1979), Ind., 396 N.E.2d 903, 904; *Hawkins v. Jenkins* (1978), Ind., 374 N.E.2d 496; *Parrett v. Lebamoff* (1979), Ind.App., 383 N.E.2d 1107; TR. 8(F). In fact, TR. 12(B) expressly provides for this contingency by stating:

> If, on a motion, asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

In this case, matters outside the pleadings were presented to the trial court. The certification of the Secretary of State that no record of Domain Industries, Inc. is found to exist in that office was submitted to the trial court on September 29, 1976.[2] We

---

1. The complaint, omitting titles, captions and signatures is as follows:

 "Comes now Plaintiff, DOMAIN INDUSTRIES INC., and for cause of action against the defendant alleges and says:

 1. That the defendant is indebted to plaintff [sic] on account in the sum of Seven Thsand Nine Hundred Eighty Three and 46/100 ($7,983.46), for goods and services furnished by Plaintiff to Defendant.

 2. That a statement of said account is filed herewith, marked 'Exhibit A', and made a part hereof.

 3. That said sum of Seven Thousand Nine Hundred Eighty Three and 46/100 ($7,983.46) is now due and unpaid.

 WHEREFORE, Plaintiff demands judgment for Seven Thousand Nine Hundred Eighty Three and 46/100 ($7,983.46) and costs herein."

 Exhibit A is a photocopy of a statement of Universal Pool Supply's account. At the top of the statement is the name of the plaintiff Domain Industries, Inc., its logo, and its address in New Richmond, Wisconsin.

2. The record in this matter was filed with the Clerk of the Court of Appeals on December 7, 1977. On March 10, 1978 appellee filed a Petition to Supplement and Correct the Record with the trial court. AR. 7.2(C). This petition requested an amendment to the record to show that the certificate of the Secretary of State was filed in September, 1976 and not July, 1977 as shown by order of the trial judge on December 7, 1977 (which order responded to still another petition to supplement the record). The amendment was granted and the record was supplemented April 10, 1978, nunc pro tunc. See n. 4.

believe this procedure is more properly characterized as a motion for summary judgment under TR. 56 converted from TR. 12(B). The issue becomes whether the granting of summary judgment for the defendant was proper.

Appellant urges us to hold that the TR. 12(B) motion to dismiss was improperly converted into a TR. 56 motion for summary judgment because it was not given an opportunity to present materials for the court's consideration. As quoted above, TR. 12(B) requires that "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56" when the motion is treated as one for summary judgment.

This requires us to examine what material was before the court and when it was presented. The complaint was filed April 22, 1976. On June 8, 1976 the defendant filed its motion to dismiss. A hearing was held on September 29, 1976 at the request of the plaintiff. On the same day the certificate of the Secretary of State was submitted to the trial court. It does not appear in the record whether this certificate was submitted or filed at the hearing or at some other time. In response to defendant's motion to supplement the record[3] plaintiff objected alleging that it was never shown to be an exhibit prior to the trial court's ruling on the Motion to Correct Errors and comes as a surprise to plaintiff (Trial court's order dated December 7, 1977). The order of the trial court filed April 3, 1978 does not state whether the certificate was submitted at the hearing or filed other than at the hearing. There is no information in the record from which it can be determined whether plaintiff saw the certificate prior to the ruling on the Motion to Correct Errors.

If plaintiff was aware of the certificate at the hearing or otherwise, he would have been on notice the court was considering matters outside the pleadings. He would have had the opportunity to present materials during the time for filing briefs allowed by the court when the matter was taken under advisement. In that case, he would be held responsible for knowing the motion to dismiss had been converted to a motion for summary judgment or at a minimum had the time to discover such a conversion. If this were the case, we would review the summary judgment as such. *Huntington Mutual Insurance Co. v. Walker*, (1979) Ind. App., 392 N.E.2d 1182; *Tekulve v. Turner*, (1979) Ind.App., 391 N.E.2d 673; *Stuteville v. Downing*, (1979) Ind.App., 391 N.E.2d 629.

■ However, it does not appear on the record that plaintiff had notice of the certificate or that the motion was to be treated as one for summary judgment. Thus, plaintiff was denied an opportunity to present pertinent material, if any existed. TR. 12(B). Pertinent material in this context would require only enough to show the existence of a genuine issue of material fact, *e. g.*, capacity, transacting business under Ind.Code 23–1–11–14, and thereby avoid entry of summary judgment.

For these reasons we reverse and remand for proceedings consistent with this opinion.

MILLER, P. J., and CHIPMAN, J., concur.

---

**3.** *See* note 3, *supra.* This information appears in the trial court order of December 7, 1977. The motion of plaintiff is not in the record, nor are transcripts of any of the hearings on these motions. Furthermore, there is no sufficient entry which is necessary before the trial court can make a nunc pro tunc entry showing the submission of the certificate. *Blum's Lumber & Crating, Inc. v. James*, (1972) 259 Ind. 220, 285 N.E.2d 822; *Ford v. State*, (1979) Ind.App., 390 N.E.2d 676; *Palmer v. State*, (1977) Ind. App., 363 N.E.2d 1245, 1247; *McWhirt v. Fearnow*, (1973) 158 Ind.App. 68, 301 N.E.2d 810.