

ATTORNEY FOR APPELLANTS

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
CITY OF INDIANAPOLIS, MAYOR
GREG BALLARD, INDIANAPOLIS
CITY-COUNTY COUNCIL

Andrew P. Seiwert
Adriana Katzen
Amanda J. Dinges
Office of Corporation Counsel
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
HOOSIER PARK

A. Scott Chinn
Anne K. Ricchiuto
Faegre Baker Daniels LLP
Indianapolis, Indiana

Mark Crandley
Barnes & Thornburg LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Whistle Stop Inn, Inc., and Louise Liford d/b/a Thirsty Turtle, *Appellants-Plaintiffs,* v. | June 24, 2015 Court of Appeals Case No. 49A02-1407-MI-519 Appeal from the Marion Superior Court. The Honorable James B. Osborn, Judge. Cause No. 49D14-1310-MI-38464 |

City of Indianapolis, Mayor
Greg Ballard, Indianapolis City-
County Council,

*Appellees-Defendants*

and

Hoosier Park, LLC,

*Appellee-Intervening Defendant*

**Baker, Judge.**

[1] In this case we consider whether an exception to the Indianapolis No-Smoking Ordinance is constitutional. The Indianapolis No-Smoking Ordinance generally prohibits smoking in public places, but it also contains several exceptions to this rule. For example, tobacco retail stores and fraternal clubs whose members vote to allow smoking are permitted to allow smoking on the premises. Here, we are determining whether an exception that allows smoking in satellite facilities—specifically, Hoosier Park Winner's Circle—violates the Equal Privileges and Immunities Clause of the Indiana Constitution. We find that the exception is unconstitutional because it treats satellite facilities differently than bars and restaurants and this disparate treatment is not reasonably related to the inherent differences between the two entities. Therefore, we sever the exception from the Indianapolis No-Smoking Ordinance.

[2] Whistle Stop Inn, Inc., and Louise Liford d/b/a Thirsty Turtle (collectively, the appellants) appeal the trial court's denial of their motion for judgment on the pleadings as well as the trial court's grant of summary judgment in favor of the City of Indianapolis, Mayor Greg Ballard, and The Indianapolis City-County Council (collectively, the City) and partial summary judgment in favor of Hoosier Park, LLC (Hoosier Park). The appellants argue that the exception from the general smoking ban for satellite facilities contained in Indianapolis Municipal Code section 616-204 violates the Equal Privileges and Immunities Clause of the Indiana Constitution. The appellants also argue that the trial court erred in allowing Hoosier Park to intervene as of right. The City and

Hoosier Park (collectively, the appellees) argue that the exception does not violate the Privileges and Immunities Clause and ask that we affirm the trial court's grant of summary judgment. The City also asks that we find that this action was barred by res judicata and collateral estoppel. Finding that the disparate treatment between satellite facilities and bars and restaurants is not reasonably related to the inherent differences between the divergently-treated classes, we reverse the trial court's grant of summary judgment in favor of the appellees, sever the exception and declare it unconstitutional and void, and remand to the trial court.

## Facts[1]

## The Ordinance

[3] In 2005, the City-County Council for the Consolidated City of Indianapolis-Marion County (the City-County Council), passed a general no-smoking ordinance, which restricted smoking in most public areas. In 2012, the City-County Council passed Indianapolis City-County Ordinance Number 12, which contained amendments to, and provided certain exceptions from, the original no-smoking ordinance. These were codified at Indianapolis Municipal Code section 616-201, *et seq.* (The Indianapolis No-Smoking Ordinance).

---

[1] We heard oral argument in this case on May 18, 2014, in Indianapolis, Indiana. We thank counsel for the parties for their exceptional oral advocacy.

Under the Indianapolis No-Smoking Ordinance, the following entities are exempted:

> (1) Private residences, except when used as a licensed child care, adult day care, or health care facility.
>
> (2) Retail tobacco stores.
>
> (3) Any business that as of April 1, 2012:
>
> a. Is exempt from federal income taxation under 26 U.S.C. § 501(c);
>
> b. Is a "club" as that term is defined by IC 7.1-3-20-1, or a "fraternal club" as that term is defined by IC 7.1-3-20-7;
>
> c. Holds a beer, liquor, or wine retailer's permit under the laws of this state; and
>
> d. Provides food or alcoholic beverages only to its bona fide members and guests; and, in addition,
>
> Sends notice to the Health and Hospital Corporation of Marion County by September 1, 2012, that through a majority-vote of its general membership at a formal meeting or ballot of same, has elected to allow smoking, and that it is otherwise entitled to an exception under this section.
>
> (4) Tobacco businesses licensed under chapter 988 of this Code.
>
> (5) Any business that on or before April 1, 2012 held a license pursuant to IC 4-31-5.5 to operate a satellite facility in the consolidated city and county.

Indpls. Mun. Code § 616-204. The Indianapolis No-Smoking Ordinance also contains a severability clause, which provides that, should any provision of the Ordinance be declared invalid, the "remaining provision or provisions shall not be affected" if the remaining provisions can be given "the effect intended by the council." Appellees' Joint App. p. 420.

[4] Under Indianapolis Municipal Code section 616-204, any facility that wished to hold a license to operate a satellite facility—a facility where patrons gather

together to watch, and bet on, horseracing—was required to hold such a license by April 12, 2012, to qualify for an exception. Satellite facilities in Indiana are governed by Indiana Code section 4-31-5.5-1, *et seq.*, and pursuant to Indiana Code section 4-31-5.5-2, a state commission issues satellite facility licenses under certain conditions. As of April 1, 2012, the Hoosier Park Winner's Circle OTB (OTB) was the only business that held a license to operate as a satellite facility.

## The Litigation

[5] On October 17, 2013, the appellants filed suit seeking a judicial declaration that the Indianapolis No-Smoking Ordinance was invalid. They argued that the Ordinance violated the Equal Privileges and Immunities Clause of the Indiana Constitution because it banned smoking in traditional restaurants and bars, but allowed smoking in private clubs, tobacco shops, and satellite facilities. They argued that the exceptions were "arbitrary and capricious classification[s] of properties and establishments for which smoking is prohibited," and contended that the "only bases for these exceptions intimated by any member of the City-County Council was the threat by Mayor Ballard to veto any ordinance to prohibit smoking that omitted these exceptions." Appellants' App. p. 45.

[6] On December 11, 2013, the City filed its Answer, denying that 1) the appellants were bars and restaurants, 2) appellants were not exempted from the ordinance, 3) the only rational basis for the exceptions was a mayoral veto, 4) the

exceptions bore no rational basis to the ordinance or were otherwise arbitrary, and 5) the exceptions had no paramount interest.

[7] On February 11, 2014, the appellants filed an emergency motion for declaratory judgment and relief. The motion was based on our Supreme Court's decision in *Paul Stieler Enterprises, Inc. v. City of Evansville*, 2 N.E.3d 1269 (Ind. 2014). In *Stieler*, our Supreme Court found that an amended Evansville smoking ordinance violated the Equal Privileges and Immunities Clause of the Indiana Constitution by exempting riverboat casinos because the disparate treatment between bars/restaurants and riverboats was "not reasonably related to the inherent differences between the divergently-treated classes." *Id*. at 1278. Holding that the provision was not severable, our Supreme Court invalidated the amended ordinance and restored the Evansville smoking ordinance as it existed before the amendment. *Id.* In their emergency motion, the appellants argued that *Stieler* was dispositive of the instant case because their complaint raised "claims identical to those raised in the complaint" in *Stieler.* Appellants' App. p. 63. The trial court eventually set an evidentiary hearing date of April 7, 2014.

[8] On March 3, 2014, the appellants filed a written motion for judgment on the pleadings. They argued that *Stieler* was dispositive of the instant case and contended that, under *Stieler*, the "City-Council General Ordinance is unconstitutional on its face." Appellants' App. p. 85.

[9] On March 4, 2014, the City, with leave of the trial court, filed an amended answer, asserting the affirmative defenses that the appellants' claims were precluded by res judicata and collateral estoppel because they were previously litigated in *Goodpaster v. City of Indianapolis*, 736 F.3d 1060 (7th Cir. 2013). In *Goodpaster*, the Seventh Circuit Court of Appeals upheld the Indianapolis No-Smoking Ordinance, finding that the differing treatment of bars and restaurants and specialty tobacco stores was permissible under the Indiana Constitution's Equal Privileges and Immunities Clause. It reasoned that, "[f]or traditional neighborhood bars, smoking is incidental to the sale of food and alcohol. But for cigar bars and hookah bars, smoking and tobacco sales are their *raison d'être.* The distinction is thus reasonably related to the City's decision to ordinance smoking in traditional bars but not cigar or hookah bars." *Id.* at 1076. On March 11, 2014, the appellants filed a motion to strike the affirmative defenses of res judicata and collateral estoppel. The trial court denied the motion.

[10] On March 21, 2014, Hoosier Park filed a motion to intervene, seeking intervention as a matter of right and/or permissive intervention due to its substantial interest in the outcome of the matter. On March 24, 2014, the appellants filed their objection to the motion to intervene. Also on March 24, 2014, the parties appeared before the trial court for a hearing on the motion to intervene. The trial court allowed Hoosier Park to intervene as a matter of right.

[11] On April 1, 2014, Hoosier Park filed a motion for partial summary judgment. Also on April 1, 2014, the City filed a response in opposition to the appellants'

motion for judgment on the pleadings as well as a motion for summary judgment.

[12] Following a hearing on April 24, 2014, the trial court issued an order denying the appellants' motion for judgment on the pleadings. The trial court noted that it must, for purposes of deciding a motion for judgment on the pleadings, deem the moving party to have admitted the untruth of its allegations that have been denied by the non-moving party. Thus, for the purposes of the appellants' motion for judgment on the pleadings, the trial court deemed true the City's denial that the appellants were bar and restaurant owners and that they were not exempt from the Indianapolis No-Smoking Ordinance. On that basis, the trial court found that the appellants had not "established the jurisdictional element of standing" and denied the appellants' motion for judgment on the pleadings. Appellants' App. p. 6. In addition, the trial court stated that it would issue orders on the appellees' motions for summary judgment and partial summary judgment at a later date.

[13] On July 25, 2014, the trial court issued its order granting the appellees' respective motions for summary judgment. In its order, the trial court also laid out the undisputed facts, principles of law, and conclusions of law underlying its decision to grant summary judgment. The trial court determined that 1) the doctrine of res judicata did not bar the appellants' claim, as they were not in privity with the *Goodpaster* plaintiffs, and 2) the exceptions from the Indianapolis No-Smoking Ordinance for private clubs/fraternal organizations, specialty tobacco shops, and satellite facilities were constitutional under the

Indiana Constitution's Equal Privileges and Immunities Clause. Appellants now appeal.

# Discussion and Decision

# I. Res Judicata

[14] The City argues that the appellants' claim is barred by res judicata. "Res judicata, whether in the form of claim preclusion or issue preclusion (also called collateral estoppel), aims to prevent repetitious litigation of disputes that are essentially the same, by holding a prior final judgment binding against both the original parties and their privies." *Becker v. State*, 992 N.E.2d 697, 700 (Ind. 2013). For a claim to be precluded under res judicata, four requirements must be satisfied:

> 1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the matter now in issue was determined in the former suit; 3) the particular controversy adjudicated in the former action must have been between parties to the present suit or their privies; and 4) the judgment in the former suit must have been rendered on the merits.

*Luxury Townhomes, LLC. v. McKinley Props., Inc.*, 992 N.E.2d 810, 817 (Ind. Ct. App. 2013) (internal citations removed). The City argues that the appellants should have been precluded from litigating this suit because the claim was litigated in *Goodpaster*. 736 F.3d at 1060.

[15] As noted in the facts section above, in *Goodpaster*, the Seventh Circuit Court of Appeals upheld the Indianapolis No-Smoking Ordinance, finding that the differing treatment of bars and restaurants and specialty tobacco stores was

permissible under the Indiana Constitution's Equal Privileges and Immunities Clause. 736 F.3d at 1060. It held that, "[t]he distinction is thus reasonably related to the City's decision to ordinance smoking in traditional bars but not cigar or hookah bars." *Id.* at 1076. The appellees argue that the above case precludes the appellants from litigating this claim due to res judicata.

[16] It is readily apparent that the matter now at issue was not litigated and determined in *Goodpaster*. This appeal focuses on the exception for satellite facilities contained in the Indianapolis No-Smoking Ordinance, whereas the *Goodpaster* decision focused on the exception for tobacco and hookah bars. 736 F.3d 1060, 1075. Our analysis of the exception under the Equal Privileges and Immunities Clause of the Indiana Constitution will be entirely different. Therefore, the appellants' claim is not barred by res judicata.

## II. Hoosier Park as an Intervening Defendant

[17] The appellants also argue that the trial court erred when it granted Hoosier Park's motion to intervene. The trial court found that Hoosier Park was entitled to intervene as of right under Indiana Trial Rule 24, which provides:

> (A)  Intervention of right. Upon timely motion anyone shall be permitted to intervene in an action:
>
> (1) when a statute confers an unconditional right to intervene; or
>
> (2) when the applicant claims an interest relating to a property, fund or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect his interest in the

property, fund or transaction, unless the applicant's interest is adequately represented by existing parties.

In addition, intervention as a matter of right is based on a three-part test. *Developmental Disabilities Residential Facilities Council v. Metro. Dev. Comm'n of Marion Cnty.*, 455 N.E.2d 960, 963 (Ind. Ct. App. 1983). "The intervenors must show: (1) an interest in the subject of the action, (2) disposition in the action may as practical matter impede protection of that interest, and (3) representation of the interest by existing parties is inadequate." *Id* at 963-64.

[18] The appellants argue that Hoosier Park's interest in the instant case is neither immediate nor direct. *See id.* at 964 ("An applicant seeking intervention must claim an immediate and direct interest in the proceedings."). The appellants argue that, if the outcome they desire—the Indianapolis No-Smoking Ordinance is found unconstitutional—is achieved in this litigation, then Hoosier Park is not harmed. The appellants maintain that, in fact, the only possible outcome that would harm Hoosier Park is an outcome in which this Court finds the exception for satellite facilities to be unconstitutional and severs the exception, leaving the Indianapolis No-Smoking Ordinance otherwise intact. The appellants also argue that the severability clause is not relevant to the disposition of this matter, and therefore, Hoosier Park cannot have a direct interest.[2]

---

[2] The severability of the exception is discussed in section V of this opinion.

[19]   We find that Hoosier Park did have an immediate and direct interest in these proceedings. It is clear that Hoosier Park's interests are in conflict with the City's interests, as Hoosier Park has no interest in invalidating the Indianapolis No-Smoking Ordinance as a whole. At oral argument, counsel for the City argued that the exception was severable from the Indianapolis No-Smoking Ordinance as a whole, illustrating that its interests were in conflict with Hoosier Park's. We agree with Hoosier Park that "it would be an odd result that denied Hoosier Park the right to participate in litigation in which Plaintiff's argument determined the viability of a regulatory framework that applied only to Hoosier Park." Hoosier Park's Br. at 39.

[20]   We also agree that the City could not adequately represent Hoosier Park's interests in the instant case. First, the City was not a party to the satellite facility licensing or amendment process. Therefore, Hoosier Park is the party with the most knowledge and understanding regarding the licensing commission's approval and how that approval might differentiate Hoosier Park and the appellants. Second, as noted above, while Hoosier Park is interested only in the exceptions for satellite facilities, the City's interest is in defending the Indianapolis No-Smoking Ordinance as a whole. As the Indianapolis No-Smoking Ordinance contains a severability clause, the City could decide to defend only certain exceptions or to take the position that all exceptions could be severed. Therefore, the trial court did not err in determining that Hoosier Park's presence is required to adequately protect its interests and allowing Hoosier Park to intervene.

# III. Judgment on the Pleadings

[21] The appellants also appeal the trial court's denial of their motion for judgment on the pleadings, as they believe the *Stieler* case is dispositive.[3] A motion for judgment on the pleadings pursuant to Indiana Trial Rule 12(C) attacks the legal sufficiency of the pleadings. *Eskew v. Cornett*, 744 N.E.2d 954, 956 (Ind. Ct. App. 2001). A judgment on the pleadings is proper only when there are no genuine issues of material fact and when the facts shown by the pleadings clearly establish that the non-moving party cannot in any way succeed under the facts and allegations therein. *Id.* In reviewing a trial court's decision on a motion for judgment on the pleadings pursuant to Trial Rule 12(C), this Court conducts a de novo review. *Id.* In making this assessment, we look only to the pleadings. *Id.* We will accept as true the well-pleaded material facts alleged, and we will not affirm if there are any genuine issues of material fact. *Id.* In addition, when we consider a motion for judgment on the pleadings, we deem the moving party to have admitted all well-pleaded facts, and the untruth of his own allegations that have been denied. *Shepherd v. Truex*, 823 N.E.2d 320, 324 (Ind. Ct. App. 2005).

---

[3] The appellants also argue that the trial court erred in denying their motion for emergency declaratory relief, which they contend should have been treated as a motion for judgment on the pleadings. The appellants seem to argue that, although they did not frame the motion as a motion for judgment on the pleadings, the trial court should have granted judgment on the pleadings when they orally requested that it do so at the February 24 hearing. Appellants assert that the trial court's decision citing complex "constitutional issues" as the basis not to grant the emergency motion was wrong, because any "constitutional issues had been resolved by the Indiana Supreme Court in the *Paul Stieler* case." Appellants' App. p. 71; Appellants' Br. p. 17. The analysis below also applies to this argument.

[22] The appellants argue that the trial court erred in denying their motion for judgment on the pleadings because the instant case is controlled by our Supreme Court's decision in *Stieler*. In that case, our Supreme Court found that an Evansville no-smoking ordinance was unconstitutional because the disparate treatment between bars/restaurants and riverboats was not reasonably related to the inherent differences between the divergently-treated classes. 2 N.E.3d at 1275.

[23] The appellants argue that the *Stieler* case disposed of the issue in instant case, because "the Evansville ordinance was substantively equivalent to the Marion County Ordinance." Appellants' Br. p. 26. They maintain that, just as the divergent treatment in *Stieler* was not reasonably related to inherent differences, neither is the divergent treatment at issue here.

[24] We find that the trial court did not err in denying judgment on the pleadings because the instant case is not controlled by the *Stieler* opinion. Just as we found that the *Goodpaster* decision did not control this case, as it focused on the exception for tobacco and hookah bars, we do not find that *Stieler*—which determined the constitutionality of a different exception from a different ordinance—controls. 736 F.3d 1060, 1075. While we find *Stieler* instructive, our analysis of the exception under the Equal Privileges and Immunities Clause of the Indiana Constitution will be entirely different. We agree with the City that the exception in the Evansville Ordinance determined to be unconstitutional in *Stieler* differs from the exception in the Indianapolis No-Smoking Ordinance under discussion in the instant case and, therefore, the trial

court correctly denied a motion for judgment on the pleadings based exclusively on *Stieler*.[4]

# IV. Constitutionality of the Indianapolis No-Smoking Ordinance

[25] The appellants argue that the trial court erred in granting summary judgment in favor of the appellees because they maintain that the Indianapolis No-Smoking Ordinance violates the Equal Privileges and Immunities Clause of the Indiana Constitution. When we review the grant or denial of a summary judgment motion, we apply the same standard as the trial court. *Kroger Co. v. Plonski*, 930 N.E.2d 1, 4-5 (Ind. 2010). Summary judgment is appropriate only where the evidence shows that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Id.*; Ind. Trial Rule 56(C). All facts and reasonable inferences drawn from those facts are construed in favor of the non-moving party, and all doubts concerning the existence of a material issue must be resolved against the non-moving party. *Id.* Nevertheless, the trial

---

[4] Appellants also contend that the trial court could not base its denial of their motion for judgment on the pleadings on this issue of standing, as standing is a jurisdictional issue that should have been raised as an affirmative defense by the appellees. *See Domain Indust., Inc. v. Universal Pool Supply*, 403 N.E.2d 889 (Ind. Ct. App. 1980) ("The capacity of plaintiff to bring suit is an affirmative defense to be specially pleaded by the defendant."). They argue that "the trial court could not first deny Bar Owners' Motion for Judgment on the Pleadings on the ground Bar Owners lacked standing, then consider either City's or Hoosier Park's Summary Judgment motion." Appellants' Br. p. 24. We agree that the trial court should not have denied the motion for judgment on the pleadings on the basis of standing. However, in its answer, the City denied that 1) the only rational basis for the exceptions was a mayoral veto and 2) the exceptions bore no rational basis to the ordinance or were otherwise arbitrary. Therefore, judgment on the pleadings would have been inappropriate, and the trial court did not err in denying appellants' request for such.

court's grant of summary judgment "enters appellate review clothed with a presumption of validity," and the appellant bears the burden of demonstrating that the trial court erred. *Trustcorp Mortg. Co. v. Metro Mortg. Co. Inc.*, 867 N.E.2d 203, 211 (Ind. Ct. App. 2007).

[26] In order for a statute to be valid under the Equal Privileges and Immunities Clause, the statute must pass a two-tiered test (the *Collins* test): "[f]irst, the disparate treatment accorded by the legislation must be reasonably related to inherent characteristics which distinguish the unequally treated classes. Second, the preferential treatment must be uniformly applicable and equally available to all persons similarly situated." *Collins v. Day*, 644 N.E.2d 72, 80 (Ind. 1994). "When an enactment is challenged under the Indiana Constitution, it stands before this Court clothed with the presumption of constitutionality until clearly overcome by a contrary showing," and "the party challenging the constitutionality of the enactment bears the burden of proof, and all doubts are resolved against that party." *Dvorak v. City of Bloomington*, 796 N.E.2d 236, 237-38 (Ind. 2003) (internal quotations removed).

[27] In addition, our Supreme Court has stated that, in general, the question of classification for the purposes of the Equal Privileges and Immunities Clause is a legislative question; it becomes a judicial question "only where the lines drawn appear arbitrary or manifestly unreasonable." *Collins*, 644 N.E.2d at 80 (internal quotations removed). And "[s]o long as the classification is based upon substantial distinctions with reference to the subject matter," this Court

will not "substitute our judgment for that of the legislature; nor will we inquire into the legislative motives prompting such classification." *Id.*

[28] The appellants contend that the ordinance violates the Equal Privileges and Immunities Clause because it fails the two-pronged test articulated in *Collins*, as the disparate treatment accorded by the legislation is not reasonably related to inherent characteristics which distinguish the unequally treated classes. *Collins*, 644 N.E.2d at 80.[5] They maintain that it is clear that "[t]he distinctions Hoosier Park and the trial court assert as inherent characteristics arise from the actions of the General Assembly. The OTB exists as a satellite facility under the State Commission's broad regulation of Indiana's horseracing industry. These are not 'inherent characteristics' but artificial aspects of the OTB." Appellants' Br. p. 32.

[29] However, the appellees maintain that the distinction is inherent and is evident in "the unambiguous text of the Indianapolis No-Smoking Ordinance." City's Br. at 37. In support of this argument, appellees point us to the text of the exception, which requires that a satellite facility hold "a license pursuant to IC 4-31-5.5." Indpls. Mun. Code § 616-204. They argue that because, under Indiana Code chapter 4-31-5.5, a satellite facility must obtain a license regulated by the Indiana Horse Racing Commission and obtain approval of a "tobacco

---

[5] The appellants also argue that the exception fails the second prong of the *Collins* test, as the preferential treatment is not uniformly applicable and equally available to all persons similarly situated. However, as we find the appellant's argument regarding the disparate treatment dispositive, we need not address this argument.

management plan," the Indianapolis No-Smoking Ordinance properly distinguishes these facilities from other entities. Hoosier Park's Br. p. 19. Therefore, appellees maintain that, unlike bars and restaurants, which are not regulated by the commission, satellite facilities must "satisfy statutory requirements related to a variety of facts of [their] establishments." Hoosier Park's Br. p. 18.

[30]   We do not find that the above distinction is a "substantial distinction with reference to the subject matter" as is required under *Collins*. 644 N.E.2d at 80. First, we note that, on the face of the Indianapolis No-Smoking Ban, there is no indication that the legislature intended to distinguish satellite facilities from bars and restaurants because satellite facilities are subject to a tobacco management plan. In *Stieler*, our Supreme Court held that, although Evansville pointed to the facts that eighty-seven percent of Casino patrons come from outside the City and the Casino had recently installed an upgrade to its ventilation system as reasons for the divergent treatment of riverboat casinos and bars, these factors were not "embodied in the Amending Ordinance as prerequisites for the riverboat exception to the Smoking Ordinance and thus are clearly not inherent distinguishing characteristics." 2 N.E.3d at 1274. On its face, the ordinance provides an exception for: "[a]ny business that on or before April 1, 2012 held a license pursuant to IC 4-31-5.5 to operate a satellite facility in the consolidated city and county." Indpls. Mun. Code § 616-204(5). This simply defines a "satellite facility" and does not provide any information or inferences as to why this facility would be different than a bar or restaurant.

[31] This absence of information as to distinguishing characteristics is even more striking when the exception for satellite facilities is compared to the exceptions for the other entities excepted from the Indianapolis No-Smoking Ordinance. For example, the exception for tobacco stores is clearly related to the fact that those stores make their livelihood from selling tobacco. And the exception for "fraternal clubs" is distinctly distinguished from bars and restaurants because the Indianapolis No-Smoking Ban requires, in the text of the exception, that the club "send[] notice to the Health and Hospital Corporation of Marion County by September 1, 2012, that through a majority-vote of its general membership at a formal meeting or ballot of same, has elected to allow smoking, and that it is otherwise entitled to an exception under this section." Indpls. Mun. Code § 616-204(3)(d). In contrast, the exception for satellite facilities does not mention tobacco at all or in any way suggest a distinction between these facilities and non-exempt entities.

[32] In addition, we note that Indiana Code chapter 4-31-5.5 does not explicitly mention any kind of "tobacco management plan." Rather, the only mention relating to tobacco or smoke is contained in Indiana Code Section 4-31-5.5-4, which requires that a facility seeking a license provide "[a] description of the heating and air conditioning units, smoke removal equipment, and other climate control devices at the proposed satellite facility." This requirement clearly does not amount to a requirement that a satellite facility provide a tobacco management plan. There is no indication that satellite facilities are even required to have smoke removal equipment, only to provide a description

of the equipment they do have.[6]  This one statement about smoking in an entire chapter of the Indiana Code is far too attenuated to amount to an inherent distinction between satellite facilities and bars and restaurants.  Therefore, we find that the exception for satellite facilities violates the Equal Privileges and Immunities Clause of the Indiana Constitution because the disparate treatment is not reasonably related to the inherent differences between the divergently-treated classes.

[33]    Consequently, we find that the trial court erred in granting summary judgment in favor of the appellees.

# V. Severability

[34]    Finally, the appellants argue that the exception is not severable from the Indianapolis No-Smoking Ordinance and ask this Court to invalidate the ordinance in its entirety.  Our Supreme Court has adopted the following test—articulated by the United States Supreme Court in *Dorchy v. Kansas*, 264 U.S. 286, 289-90 (1924)—for severability:

> A statute bad in part is not necessarily void in its entirety.
> Provisions within the legislative power may stand if separable
> from the bad. But a provision, inherently unobjectionable, cannot
> be deemed separable unless it appears both that, standing alone,

---

[6] We also note that the original no-smoking ordinance, which was codified at Municipal Code 601-101, contained the following finding: "[t]he Environmental Protection Agency has determined that secondhand smoke cannot be reduced to safe levels in businesses by high rates of ventilation.  Air cleaners, which are only capable of filtering the particulate matter and odors in smoke, do not eliminate the known toxins in secondhand smoke."

legal effect can be given to it and that the legislature intended the provision to stand, in case others included in the act and held bad should fall.

(internal citations removed). The key question in determining whether a bad statutory provision is severable from the rest of the statute is whether the legislature would have passed the statute had it been presented without the invalid features. *State v. Barker*, 809 N.E.2d 312, 317 (Ind. 2004). In addition, "[t]he inclusion of a severability clause creates a presumption that the remainder of the Act may continue in effect. The absence of a severability clause creates the opposite presumption: the Legislature intends the Act to be effective as an entirety or not at all." *Ind. Educ. Emp't Relations Bd. v. Benton Cmty. Sch. Corp.*, 266 Ind. 491, 510, 365 N.E.2d 752, 762 (1977).

[35] Here, we note that the Indianapolis No-Smoking Ordinance was a part of Indianapolis City-County Ordinance Number 12, which contains a severability clause that provides:

> Should any provision (section, paragraph, sentence, clause, or any other portion) of this ordinance be declared by a court of competent jurisdiction to be invalid for any reason, the remaining provision or provisions shall not be affected, if and only if such remaining provisions can, without the invalid provision or provisions, be given the effect intended by the Council in adopting this ordinance. To this end the provisions of this ordinance are severable.

City-County Ordinance No. 12 § 7. This clause makes it clear that if the Indianapolis No-Smoking Ordinance can be given the effect intended by the

City-County Council without the exception for satellite facilities, this Court should sever the exception.

[36] The Appellants argue that, despite the above severability clause, the Indianapolis No-Smoking Ordinance cannot be given its intended effect without the exception for satellite facilities.[7] They maintain that, because Mayor Ballard previously vetoed a similar ordinance without exceptions, "[o]ne may reasonably infer the City Council would not have passed the revised ordinance, knowing the Mayor would veto it, if it lacked the exceptions." Appellants' Br. p. 22.

[37] However, this argument is unpersuasive. First, we note that, when we interpret a statute, "we do not impute the opinions of one legislator, even a bill's sponsor, to the entire legislature unless those views find statutory expression." *Utility Center, Inc. v. City of Ft. Wayne*, 868 N.E.2d 453, 459 (Ind. 2007) (internal quotations removed). Second, the severability clause shows a clear intent to allow provisions of the Indianapolis No-Smoking Ordinance to be severed if they are found invalid and the remaining provisions can be given the effect intended by the Council. We find that here, the remaining provisions can clearly be given such effect.

---

[7] The appellants also argue that, because the severability clause was not pleaded as an affirmative defense, it is not relevant to the disposition of this matter. This argument is misplaced. The severability clause is a part of Indianapolis City-County Ordinance Number 12 and would clearly be considered in our statutory interpretation.

# VI. Conclusion

[38] Finding that the exception contained in the Indianapolis No-Smoking Ordinance for satellite facilities is invalid, we (1) affirm the trial court's ruling granting Hoosier Park's motion to intervene and denying the appellants' motion for judgment on the pleadings, (2) reverse the trial court's grant of summary judgment in favor of the appellees, (3) declare the exception for satellite facilities unconstitutional and void as a matter of law and sever it from the Indianapolis No-Smoking Ordinance, and (4) remand to the trial court for proceedings consistent with this opinion.[8]

[39] The judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings.

Najam, J., and Friedlander, J., concur.

---

[8] The appellants have not yet filed a motion for summary judgment in the instant case.